1  SEYFARTH SHAW LLP
   Justin T. Curley (SBN 233287)
2  jcurley@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:    (415) 397-2823
4  Facsimile:    (415) 397-8549

5  SEYFARTH SHAW LLP
   Jeffrey A. Nordlander (SBN 308929)
6  jnordlander@seyfarth.com
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Tel.: (916) 448-0159
8  Fax: (916) 558-4839

9  Attorney for Defendant
   ARMADILLO HOLDINGS, LLC
10

11
                    UNITED STATES DISTRICT COURT
12                 EASTERN DISTRICT OF CALIFORNIA
                         FRESNO DIVISION
13

14 | PORSCHE BARRETT, an individual, on | Case No.: |
   | behalf of herself and on behalf of all persons |
15 | similarly situated, | **NOTICE OF REMOVAL OF CIVIL** |
   | | **ACTION TO THE UNITED STATES** |
16 | Plaintiff, | **DISTRICT COURT** |
   | v. |
17 | | Stanislaus County Superior Court |
   | ARMADILLO HOLDINGS, LLC, a Nevada | Case No. CV-22-001986 |
18 | limited liability company, |
   | | Complaint Filed:    May 4, 2022 |
19 | Defendant. |

20

21

22

23

24

25

26

27

28

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Armadillo Holdings, LLC ("Armadillo") removes this action to this Court from the Superior Court of the State of California, County of Stanislaus under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Armadillo submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Porsche Barrett ("Barrett") and without conceding that Barrett has pled claims upon which relief can be granted.

## I.  PROCEDURAL BACKGROUND

1.       On May 4, 2022, Barrett filed a putative class action Complaint ("Complaint") in the Superior Court of the State of California, County of Stanislaus, entitled *Porsche Barrett v. Armadillo Holdings, LLC*, Cause No: CV-22-001986. Plaintiff alleges the following eight putative class-wide causes of action: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide required meal periods; (5) failure to provide required rest periods; (6) failure to provide accurate wage statements; (7) failure to provide wages when due; and (8) failure to reimburse employees for required expenses. A true and correct copy of the Complaint is attached as **Exhibit A**.

2.       Armadillo was served a copy of the Complaint and Summons via Notice and Acknowledgment by electronic mail on June 15, 2022. Service of the Complaint and Summons was deemed complete upon Armadillo's counsel's execution of a Notice of Acknowledgement and Receipt on or around July 5, 2022 under Code of Civil Procedure § 415.30.

3.       The Complaint is Plaintiff's operative pleading in this action as of the date of this filing.

## II.  THIS REMOVAL IS TIMELY FILED

4.       A defendant has 30 days to file a notice of removal, measured from the date the defendant is served with the initial pleading or within 30 days of receipt of an amended pleading or other papers from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-78 (1999) (clarifying that receipt "through service or otherwise" means formal service and not through service of a courtesy copy of the complaint). If no such papers are filed and the defendant learns that the case is removable upon its own investigation, the

1  defendant may remove at any time. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123-24

2  (9th Cir. 2013).

3      5.      As noted above, Armadillo was served a copy of the Complaint and Summons via Notice

4  and Acknowledgment by electronic mail on June 15, 2022. Service of the Complaint and Summons was

5  deemed complete upon Armadillo's counsel's execution of the Notice of Acknowledgement and Receipt

6  on or around July 5, 2022 under Code of Civil Procedure § 415.30. Therefore this Notice of Removal is

7  timely.

8  **III. VENUE IS PROPER IN THIS COURT**

9      6.      The Superior Court for the County of Stanislaus is within the Eastern District of California.

10  Under 28 U.S.C. § 1441(a), venue is proper in this Court because it is the district and division embracing

11  the place where the action is pending.

12      7.      In compliance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the

13  Declaration of Donald Estepp, attached as **Exhibit B**, and **Exhibits C to K**, which constitute copies of

14  all process, pleadings and orders served on Armadillo or filed in this action in the Superior Court of

15  California, County of Stanislaus.

16  **IV. STATEMENT OF JURISDICTION**

17      8.      CAFA grants district courts original jurisdiction over actions that: (1) have a putative class

18  containing at least 100 members; (2) have an amount in controversy exceeding, in the aggregate,

19  $5,000,000.00, exclusive of interest and costs; and (3) have diversity of citizenship between at least one

20  putative class member and any defendant. 28 U.S.C. § 1332(d)(2). Armadillo denies Barrett's factual

21  allegations and denies that Barrett and the purported class are entitled to any relief. However, based on

22  the allegations in the Complaint and information obtained from Armadillo's own investigation, all

23  requirements for jurisdiction under CAFA have been met. Accordingly, removal is proper.

24  **A. The Putative Class Contains More than 100 Members**

25      9.      To remove under CAFA, the aggregate number of putative class members in all proposed

26  classes must be greater than 100. 28 U.S.C. § 1332(d)(2), 1332(d)(5)(B).

27      10.     Barrett seeks to represent as "all persons who are or previously were employed by

28  Defendant Armadillo Holdings . . . in California and classified as non-exempt employees at any time

1    during the period beginning four (4) years prior to the filing of [her] Complaint and ending on the date as

2    determined by the Court." (Ex. A, Compl. ¶ 11.)

3        11.    Armadillo employed approximately 3,753 individuals as non-exempt employees from May

4    4, 2018 to May 4, 2022 in California. (Ex. B, Declaration of Don Estepp, ¶ 5(a).) Accordingly, the number

5    of putative class members proposed by Plaintiff far outnumbers the 100-member requirement.

6        **B. There is Minimal Diversity for Removal Under CAFA**

7        12.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction.

8    If at least one purported class member is a citizen of a state different from any named defendant, minimal

9    diversity is established. 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg.,*

10    *Energy, Allied Undus. & Werv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087,

11    1090-91 (9th Cir. 2010) (explaining that to achieve its purpose, CAFA provides expanded original

12    diversity jurisdiction for class actions meeting the minimal diversity requirement in 28 U.S.C. §

13    1332(d)(2)). Minimal diversity exists here because Barrett and Armadillo are citizens of different states.

14        13.    For diversity purposes, a person is a citizen of the state in which she is domiciled. *Kanter*

15    *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16        14.    Barrett has worked for Armadillo at its Modesto, California location since 2015. (Ex. B, ¶

17    7.) She has maintained a California residence on file with Armadillo since that time. (*Id.*)

18        15.    Barrett's long-term employment with Armadillo and California residence is sufficient to

19    establish California citizenship. *See Saldana v. Home Depot USA, Inc.*, 2016 WL 3391808, at *2 (E.D.

20    Cal. June 20, 2016) (residential address provided by employee to employer is prima facie evidence of

21    state citizenship); *Bey v. SolarWorld Industries Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)

22    (same).

23        16.    Barrett also seeks to represent a class comprised of all non-exempt individuals employed

24    by Armadillo in California over the last four years (Ex. A, ¶ 11), which logically includes other California

25    citizens as well.

26        17.    Armadillo, on the other hand, is not now and has never been a citizen of California. Under

27    CAFA, an unincorporated association is a citizen of the state under whose laws it is organized and where

28    it has its principal place of business. 28 U.S.C. § 1332(d)(10). The appropriate test to determine a

business' principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 79 (2010). Under this test, the principal place of business is the state where the business' "officers direct, control, and coordinate" business activities and where it maintains its headquarters. *Id.*

18.    Armadillo is organized under the laws of the State of Nevada. (Ex. B, ¶ 4.) However, Armadillo's executive officers and high-level administrative employees are located and perform their duties in Indiana. (*Id.*) Armadillo's principal place of business is therefore in Indiana.

19.    Accordingly, diversity of citizenship exists under CAFA because Barrett and other putative class members are citizens of California and because Armadillo is only a citizen of Nevada and Indiana.

## C. The Amount in Controversy Exceeds $5,000,000.00.

20.    Armadillo denies all liability as to Barrett's claims and the ability for this action to proceed on a class-wide basis. However, the amount in controversy as pled in the Complaint exceeds $5 million, exclusive of costs and interest. All calculations supporting the amount in controversy are based on the Complaint's allegations and this Notice's exhibits, assuming—without any admission by Armadillo—that Barrett's allegations are true and that liability against Armadillo is established. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial . . . because they are not stipulating to damages suffered").

21.    To calculate the amount in controversy under CAFA, the claims of the class members are aggregated to determine whether the amount in controversy exceeds the sum of $5 million. 28 U.S.C. § 1332(d)(6). In determining whether the amount in controversy is met, the court considers all requested relief, including "punitive damages, statutory penalties, and attorney's fees." *Lake v. Delta Air Lines, Inc.*, 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011).

22.    The Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the notice of removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013). Further, "[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

1    jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (Feb. 28, 2005) (citation

2    omitted).

3        23.    If a defendant contends that damages are unstated or understated in the complaint, the

4    defendant seeking removal may show by a preponderance of the evidence that the aggregate amount-in-

5    controversy exceeds $5 million. "This rule is not altered even if plaintiffs affirmatively contend in their

6    complaint that damages do not exceed $5 million." *Ibarra v. Manheim Inc.,* 775 F.3d 1193, 1195 (9th

7    Cir. 2015); *Cummings v. G6 Hospitality LLC*, 2019 WL 1455800, at *2 (S.D. Cal. April 2, 2019).

8        24.    Barrett alleges that the amount in controversy is less than $5 million. (Ex. A, ¶ 11.)

9    Armadillo disagrees, and Barrett, prior to class certification, has no authority to bind unnamed class

10   members. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).  As detailed below, Armadillo

11   has plausibly alleged and established by a preponderance of the evidence that the amount in controversy

12   exceeds CAFA's $5 million minimum requirement.

13       25.    Barrett alleges that Armadillo committed eight distinct categories of unlawful conduct

14   toward Barrett and all Class Members over a four-year period of time. Barrett's claims for meal and rest

15   break premiums, wage statement penalties, waiting time penalties, and attorneys' fees alone exceed the

16   $5 million threshold.

17                          **1. Meal and Rest Period Violations**

18       26.    Barrett contends that "as a matter of company policy, practice and procedure," Armadillo

19   "failed to provide legally compliant meal and rest periods." (Ex. A, ¶ 17.) She alleges that meal and rest

20   break violations occurred "from time to time." (*Id.* at ¶¶ 24, 19-20, and 120.) However, she also claims

21   that Armadillo "*systematically* failed to provide legally compliant meal and rest periods" (*Id.* at ¶ 116

22   (emphasis added)), based on a "uniform" and "strict policy and practice." (*Id.* at ¶¶ 17-18, 75, 77, and

23   116.) Indeed, she alleges that she and the other putative class members were "often" not fully relieved of

24   duty for their meal periods because of their rigorous work schedules." (*Id.* at ¶ 116.) Accordingly, Barrett

25   seeks damages on behalf of all class members for missed meal and rest breaks. (*Id.* at ¶¶ 188, 122.)

26       27.    Based on similar "pattern and practice" allegations in other cases, courts have determined

27   that it is reasonable to assume violation rates between 20% and 60% and have applied a 40% violation

28   rate to allegations almost identical to Barrett's allegations. *Sanchez v. Abbott Laboratories*, 2021 WL

2679057, at *4 (E.D. Cal. June 30, 2021) (noting that "courts in the Ninth Circuit have frequently held a violation rate between 20% and 60% to be reasonable when the plaintiff claims a 'pattern and practice' of violations" and holding that a 60% meal and rest violation rate was reasonable); *Lopez v. Adidas America, Inc.*, 2021 WL 927265, at *3-4 (C.D. Cal. March 11, 2021) (analyzing nearly identical language to that filed here and finding 40% meal and rest period violation rates reasonable); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (holding that a 60% violation rate was reasonable based on similar allegations).

28.     Other courts interpreting nearly identical language to that here have determined that it is reasonable to assume that each putative class member experienced at least one meal or rest break violation per week. *See Collins v. Hilton Management LLC*, Case No. 21-cv-02523-JD, 2021 WL 2981977, at *2 (N.D. Cal. July 15, 2021); *Nunes v. Home Depot U.S.A., Inc.*, Case No. 2:19-cv-01207-JAM-DB, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019).

29.     Here, CAFA jurisdiction is established under either assumption.

30.     The statute of limitations for meal and rest period claims is three years. However, because Barrett alleged unfair competition under California Business and Professions Code section 17200 by way of meal and rest break violations, among others, she seeks recovery for a four-year period. *See* (Ex. A, ¶¶ 75-79, 115.)

31.     From May 4, 2018 to May 4, 2022, Armadillo employed 3,753 current and former non-exempt employees. (Ex. B, ¶ 5(a).)  On average, these employees earned $14.64/hour and worked 36.19 weeks during that four-year period. (*Id.* at ¶ 5(c).) During that time frame, these employees worked approximately 487,754 shifts above five hours and approximately 576,591 shifts above four hours entitling them to at least one meal and rest break, respectively. (*Id.*)

32.     Assuming a 40% violation rate for all meal-and-rest-break-eligible shifts from May 4, 2018 to May 4, 2022, the putative class' total meal and rest break damages would be approximately **$6,232,804.32** [(487,754 meal-break eligible shifts X $14.64 X 40%) + (576,591 rest-break eligible shifts X $14.64 X 40%)]. *See Lopez,* 2021 WL 927265, at *3-4. These damages alone satisfy the CAFA's $5 million minimum requirement.

33.    Alternatively, assuming even more conservatively a 20% meal and rest period violation rate, the putative class meal and rest break damages would be approximately **$3,116,402.16** [(487,754 meal-break eligible shifts X $14.64 X 20%) + (576,591 rest-break eligible shifts X $14.64 X 20%)].

### 2. Wage Statement Penalties

34.    Barrett alleges Armadillo violated Labor Code section 226 by failing to provide "complete and accurate wage statements which failed to show, among other things, the accurate gross wages earned, net wages, the total hours worked and all applicable hourly rates in effect during the pay period . . . ." (Ex. A, ¶ 125.)

35.    Labor Code section 226(e) provides an employee a minimum of $50.00 for the initial pay period in which a violation occurs, and $100.00 for each additional pay period during which a violation occurs, up to a maximum penalty of $4,000.00 per employee. The statute of limitations for penalties under this statute is one year. Cal. Civ. Proc. Code §340(a).

36.    District courts have explained that "inaccurate wage penalties are derivative of meal and rest period violations. Therefore, when meal and rest period violation rates are found reasonable, courts have held a 100% wage statement inaccuracy assumption may also be reasonable." *Sanchez*, 2021 WL 2679051, at *6; *see also Nunes*, 2019 WL 4316903, at *2-3; *Gipson v. Champion Home Builders, Inc.*, 2020 WL 4048503, at *8 (E.D. Cal. July 20, 2020) (finding a 100% violation rate reasonable). Further, Barret's allegations that class members were not paid for all hours worked and that overtime was not paid at the correct regular rate of pay is an additional ground to assume a 100% violation rate. *Vasquez v. RSI Home Products, Inc.*, 2020 WL 6778772, at *9 (C.D. Cal. 2020) (approving assumed 100% violation rate based on complaint's allegations); *Ramirez v. Carefusion Resources, LLC*, 2019 WL 2897902, at *4 (S.D. Cal. 2019) (same); *Vikram v. First Student Mgmt., LLC*, 2017 WL 4457575, at *4 (N.D. Cal. October 6, 2017) (same).

37.    Armadillo employed approximately 1,898 individuals from May 4, 2021 to May 4, 2022 and issued 21,597 wage statements during that timeframe. (Ex. B, ¶ 5(d).) As a result, a reasonable exposure estimate for Barrett's inaccurate wage statement claim is **$2,064,800.00** [(1,898 employees X $50 for the initial violation) + ((21,597 total pay statements issued – 1,898 initial pay periods) X $100 for subsequent violations), which is less than $4,000 per employee].

### 3. Labor Code § 203 – Waiting Time Penalties

38.     Barrett alleges that Armadillo failed to timely pay former putative class members all wages due upon separation from employment. (Ex. A, ¶¶ 128-35.) Labor Code § 203(a) states that the wages of an employee who quits or is terminated "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

39.     The statute of limitations for recovery of waiting time penalties under Labor Code § 203 is three years. *Pineda v. Bank Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010).

40.     From May 4, 2019, through April 4, 2022, accounting for the 30-day waiting period, approximately 1,485 putative class members separated from employment with Armadillo. (Ex. B, ¶ 5(b).) The average wage for these putative class members from May 4, 2019, through April 4, 2022 was $14.48/hour. (*Id.*) During the proposed class period, May 4, 2018 to May, 4, 2022, the average shift length for all putative class members was 6.05 hours. (*Id.*)

41.     Based on the allegations in the Complaint and because waiting time penalties are derivative of meal-and-rest-break violations, it is reasonable to assume that each of the 1,485 employees who separated from Armadillo from May 4, 2019 to April 4, 2022, experienced at least one unpaid wage violation. Thus, a 100% violation rate is reasonable. *See*, *e.g.*, *Mackall v. Healthsource Global Staffing, Inc.*, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) ("[A]llegations of willful failure to timely pay wages (based on alleged overtime and meal and rest break violations) were sufficient to support estimations of waiting time penalties at a 100% rate"); *Fong v. Regis Corp.*, 2014 WL 26996, at *6 (N.D. Cal. Jan. 2, 2014) (holding allegation that employer "systematically failed to pay 'all wages due and owing' upon termination . . . reasonably supports the assumption that each former employee might be entitled to the statutory maximum damages"); *Long v. Destination Maternity Corp.*, 2016 WL 1604968, at *9 (S.D. Cal. Apr. 21, 2016) (where plaintiff alleged "clas4 members have still not been paid money owed to them at the end of their employment," holding it is reasonable to assume "that each of the class members who have left [d]efendant's employ would seek the maximum thirty-day waiting penalty"); *Varsam v. Lab. Corp. of Am.*, 2015 WL 4199287, at *4 (S.D. Cal. Jul. 13, 2015) ("It is not unreasonable to assume that when class members 'regularly,' worked off-the-clock that should have been compensated

at an overtime rate, as a matter of policy and/or practice worked during meal periods, and worked through rest breaks, every class member terminated during that time would have experienced a violation at some time and would not have been paid certain wages.").

42.    Therefore, a reasonable estimate of the amount in controversy for section 203 penalties is **$3,902,758.20** [$14.48 hourly pay X 6.05 hour shifts X 30 days X 1,485 separated employees].

### 4. Attorneys' Fees

43.    Barrett seeks an award of attorneys' fees and costs of suit on all her claims. (Compl., Prayer for Relief.) Future attorneys' fee awards are included in determining the amount in controversy under fee-shifting statutes. *Fritsch v. Swift Tramp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2019).

44.    In the class action context, courts have found that 25% of the aggregate amount in controversy is a reasonable benchmark for calculating attorneys' fees. *Vasquez v. RSI Home Products, Inc.*, 2020 WL 6778772, at *10 (C.D. Cal. Nov. 12, 2020); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003); *Austin v. Floodliner, Inc.*, 2019 WL 2077851, at *6-7 (N.D. Cal. May 10, 2019) (granting plaintiff's counsel's request for a fee award totaling 25% of the total settlement amount).

45.    Under similar circumstances, other courts have awarded fees totaling 35% of the settlement amount—well above the benchmark. *See Ferrell v. Buckingham Prop. Mgmt.,* 2020 WL 4364647, at *3-4 (E.D. Cal. July 30, 2020); *Dawson v. Hitco Carbon Composites, Inc.*, 2019 WL 7842550, at *9 (C.D. Cal. Nov. 25, 2019).

46.    Indeed, Barrett's counsel has sought and has been granted approximately 33% of the common fund in other similar employment-related class actions. Amended Final Approved Order and Judgment, *Dominguez, et al. v. Lifesafer of Northern California*, Cause No. 20-CV-002586 (Monterey Super. Ct., May 20, 2022), ¶ 9-1 (attached as **Exhibit L**); Declaration of Shani O. ZaKay in Support of Motion for Award of Attorneys' Fees, Costs and Service Awards, *Bruemmer v. Tempur Retail Stores, LLC*, Cause No. CIV1803646 (Marin Super. Ct., Dec. 11, 2020) (seeking 1/3 of the common fund in attorneys' fees under loadstar calculation) (attached as **Exhibit M**).

47.    In other cases, Barrett's counsel has been awarded only the 25% benchmark rate. Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Attorneys'

Fees and Costs; Final Judgment Thereon, *Chavez v. Adidas America, Inc.,* Cause No. 5:16-cv-06533-LHK (N.D. Cal., April 19, 2018), ¶ 15 (attached as **Exhibit N**).

48.    Conservatively applying the 25% benchmark here, the amount in controversy for attorneys' fees is between **$2,270,990.09** (assuming a 20% meal-and-break-violation rate) and **$3,050,090.63** (assuming a 40% meal-and-break-violation rate).

### 5. Summary

49.    Based on Barrett's allegations, the amount in controversy may reasonably be calculated to be **$15,250,453.15**, but is at least **$11,354,950.45**.

| | | | | |
|---|---|---|---|---|
| *Waiting Time Penalties* | $ | 3,902,758.20 | $ | 3,902,758.20 |
| *Meal and Rest Break Damages (40%)* | $ | 6,232,804.32 | $ | - |
| *Meal and Rest Break Damages (20%)* | $ | - | $ | 3,116,402.16 |
| *Wage Statement Penalties* | $ | 2,064,800.00 | $ | 2,064,800.00 |
| *Attorneys' Fees* | $ | 3,050,090.63 | $ | 2,270,990.09 |
| **Total** | **$** | **15,250,453.15** | **$** | **11,354,950.45** |

50.    Even excluding Barrett's claims for failure to pay minimum wages, failure to pay overtime wages, and failure to reimburse employees for expenses, the $5 million minimum threshold for CAFA removal is easily satisfied.

## V. NOTICE TO PLAINTIFF AND STATE COURT

51.    Armadillo will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Stanislaus, as required by 28 U.S.C. § 1446(d).

## VI. PRAYER FOR REMOVAL

52.    WHEREFORE, Armadillo prays that this civil action be removed from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

DATED: July 15, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Justin T. Curley
Jeffrey A. Nordlander

Attorneys for Defendant
ARMADILLO HOLDINGS, LLC

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
5/4/2022 10:08 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanislaus County Superior Court - City Towers Courthouse
801 10th Street, 4th Floor
Modesto, CA 95354

**CASE NUMBER:**
*(Número del Caso):*
CV-22-001986

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shani O. Zakay, Esq. (SBN:277924)  Tel: ((619) 255-9047  Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

DATE:        5/4/2022 10:08 AM              Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)*              Sonia Krohn              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff

Electronically Filed
5/4/2022 10:08 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

$435 PAID

$1,000 COMPLEX FEE PAID

Freeland, John D
This case has been assigned to Judge
Dept. 23
Department _____ for all purposes including Trial.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF STANISLAUS**

| | |
|---|---|
| PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No:  CV-22-001986<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;<br>2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 *et seq*;<br>4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7) FAILURE TO PROVIDE WAGES WHEN |

DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;

8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE §2802.

**DEMAND FOR A JURY TRIAL**

Plaintiff PORSCHE BARRETT ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE ("Defendant Armadillo Holdings") is a Nevada limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

2.    Defendant TEXAS ROADHOUSE MANAGEMENT CORP. ("Defendant Texas Roadhouse Management") is a Kentucky corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

3.    Defendant TEXAS ROADHOUSE, INC. ("Defendant Texas Roadhouse") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

4.    Defendant Armadillo Holdings, Defendant Texas Roadhouse Management and Defendant Texas Roadhouse were the joint employers of PLAINTIFF as evidenced by the contracts signed and by the company the PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein and collectively referred to herein as "DEFENDANTS" and/or "DEFENDANT."

5.    DEFENDANT owns, operates and/or manages a chain of Texas Roadhouse restaurants in the state of California, including in Stanislaus County where PLAINTIFF worked.

6.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this

Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive, (hereinafter collectively "DEFENDANTS" and/or "DEFENDANT") are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.    The agents, servants, and/or employees of the DEFENDANT and each of them acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendant, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other DEFENDANT and all DEFENDANT are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendant's agents, servants and/or employees.

8.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

9.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

10.    PLAINTIFF has been employed by DEFENDANT in California since 2015 and at all times was classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

**CLASS ACTION COMPLAINT**

11.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all persons who are or previously were employed by Defendant Armadillo Holdings and/or Defendant Texas Roadhouse Management and/or Defendant Texas Roadhouse in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").  The amount in controversy for the aggregate claim of the CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

12.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

13.    DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.

14.    PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

/ / /

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT operates in locations across California, employs the CALIFORNIA CLASS across California, including in this County, and committed the wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

**THE CONDUCT**

17.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal rest premiums at the regular rate, failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate.  DEFENDANT's uniform policies and practices are intended to purposefully avoid the accurate and full payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who comply with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CLASS PERIOD should be adjusted

accordingly.

**A.  Meal Period Violations**

18.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  From time-to-time during the CLASS PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  Specifically, as a result of PLAINTIFF's demanding work requirements and DEFENDANT'S understaffing, DEFENDANT required PLAINTIFF to work during what was supposed to be PLAINTIFF's off-duty meal break.  Indeed, there were many days where PLAINTIFF did not even receive a partial lunch.  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime wages by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

19.    From time-to-time during the CLASS PERIOD, as a result of their rigorous work requirements and DEFENDANT's inadequate staffing practices, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off-duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for limited and narrowly construed "on-duty" meal period exception. When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS

Members were, from time to time, required to remain on duty and on call. PLAINTIFF and other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

**B.  Rest Period Violations**

20.    From time-to-time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work requirements and DEFENDANT's inadequate staffing. Further, for the same reasons these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and/or on call. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu* thereof. As a result of their rigorous work schedules and DEFENDANT's inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

**C.  Unreimbursed Business Expenses**

21.    DEFENDANT as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the CALIFORNIA CLASS for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though

1  unlawful, unless the employee, at the time of obeying the directions, believed them to be
2  unlawful."

3     22.    In the course of their employment, DEFENDANT required PLAINTIFF and other
4  CALIFORNIA CLASS Members to use their personal cell phones as a result of and in furtherance
5  of their job duties as employees for DEFENDANT.  But for the use of their own personal cell
6  phones, PLAINTIFF and the CALIFORNIA CLASS Members could not complete their essential
7  job duties. However, DEFENDANT unlawfully failed to reimburse PLAINTIFF and other
8  CALIFORNIA CLASS Members for their use of their personal cell phones. As a result, in the
9  course of their employment with DEFENDANT, the PLAINTIFF and other CALIFORNIA
10 CLASS Members incurred unreimbursed business expenses, but were not limited to, costs related
11 to the use of their personal cellular phones, all on behalf of and for the benefit of DEFENDANT.

12 **D.  Wage Statement Violations**

13     23.    California Labor Code Section 226 requires an employer to furnish its employees
14 an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked,
15 (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net
16 wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name
17 of the employee and only the last four digits of the employee's social security number or an
18 employee identification number other than a social security number, (8) the name and address of
19 the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay
20 period and the corresponding number of hours worked at each hourly rate by the employee.

21     24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other
22 CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed
23 meal and rest period premiums, or were not paid for all hours worked, DEFENDANT also failed
24 to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate
25 wage statements which failed to show, among other things, the total hours worked and all
26 applicable hourly rates in effect during the pay period and the corresponding amount of time
27 worked at each hourly rate, correct rates of pay for penalty payments or missed meal and rest
28 periods.

25.    In addition to the foregoing, DEFENDANT, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with Cal. Lab. Code § 226.

26.    As a result, DEFENDANT issued PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.  Further, DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional payroll error due to clerical or inadvertent mistake.

**E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

27.    During the CLASS PERIOD, from time-to-time DEFENDANT failed and continue to fail to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all hours worked.

28.    During the CLASS PERIOD, from time-to-time DEFENDANT required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work, including but not limited to, undergoing pre-shift Covid-19 health screenings from time to time off-the-clock. This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to work while off-the-clock.

29.    DEFENDANT directed and directly benefited from the uncompensated off-the-clock work performed by PLAINTIFF and the other members of the CALIFORNIA CLASS.

30.    DEFENDANT controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANT was able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANT failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.     DEFENDANT's policies and practices deprived PLAINTIFF and the other members of the CALIFORNIA CLASS of all minimum, regular, overtime, and double time wages owed for the off-the-clock work activities.  Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over 40 hours in a workweek, and more than eight (8) hours per day, DEFENDANT's policies and practices also deprived them of overtime pay.

34.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35.     As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for all hours worked at DEFENDANT's direction, control and benefit for the time spent working while off-the-clock.  DEFENDANT's uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANT's business records.

**F.   Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Sick Pay**

36.     From time-to-time during the CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS members for their overtime and double time hours worked, meal and rest period premiums, and sick pay.  As a result, PLAINTIFF and the other CALIFORNIA CLASS members forfeited wages due them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and sick pay rates. DEFENDANT's uniform policy and practice to not pay the CALIFORNIA CLASS members the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANT's business records.

37.     State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CLASS MEMBERS incentive wages based on their performance for DEFENDANTS.  The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.    However, from-time-to-time, when calculating the regular rate of pay, in those pay periods where PLAINTIFF and other CALIFORNIA CLASS members worked overtime, double time, paid meal and rest period premium payments, and/or paid sick pay, and earned non-discretionary bonus, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employees' "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked.  Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS members must be included in the "regular rate of pay."  The failure to do so has resulted in a systematic underpayment of overtime and double time compensation, meal and rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that paid sick time for non-employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as articulated herein, by failing to include the incentive compensation as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the underpayment of which is recoverable under Cal. Labor Code Sections 201, 202, 203 and/or 204.

40.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate

of pay for all overtime and double time worked, meal and rest period premiums, and sick pay. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime and double time compensation, meal and rest period premiums, and sick pay as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS members against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

**G. Unlawful Deductions**

41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF and CALIFORNIA CLASS Members' pay without explanations and without authorization to do so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result, DEFENDANTS violated Labor Code § 221.

**H. Violations for Untimely Payment of Wages**

42.    Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

**I.    Unlawful Rounding Violations**

43.    During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual time these employees worked each day, including overtime hours. Specifically, DEFENDANT had in place an unlawful rounding policy and practice that resulted in PLAINTIFF and CALIFORNIA CLASS Members being undercompensated for all of their time worked. As a result, DEFENDANT was able to and did in fact unlawfully, and unilaterally round the time recorded in DEFENDANT'S timekeeping system for PLAINTIFF and the members of the CALIFORNIA CLASS in order to avoid paying these employees for all their time worked, including the applicable overtime compensation for overtime

worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members, from time to time, forfeited compensation for their time worked by working without their time being accurately recorded and without compensation at the applicable overtime rates.

44.    Further, the mutability of DEFENDANT'S timekeeping system and unlawful rounding policy and practice resulted in PLAINTIFF and CALIFORNIA CLASS Members' time being inaccurately recorded. As a result, from time to time, DEFENDANT'S unlawful rounding policy and practice caused PLAINTIFF and CALIFORNIA CLASS Members to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Additionally, DEFENDANT'S unlawful rounding policy and practice caused PLAINTIFF and CALIFORNIA CLASS Members to perform work as ordered by DEFENDANT for more than ten (10) hours during a shift without receiving a second off-duty meal break.

**J.    Failure to Provide Personnel Files**

45.    On March 11, 2022, PLAINTIFF caused a written request via certified mail to be believed to DEFENDANTS for PLAINTIFF'S personnel and employment records, including but not limited to: (1) payroll records; (2) employment contracts; (3) itemized pay stubs; and (4) PLAINTIFF'S complete employment file.

46.    DEFENDANTS failed to provide and/or make available to PLAINTIFF her personnel records, payroll records, employment contract, and entire employment file within thirty (30) days of her request stated above.  In fact, as of the date of filing of this complaint, DEFENDANTS have still failed to pay PLAINTIFF the statutory penalty in the amount of $750. DEFENDANTS violated Cal. Lab. Code Section 1198.5 by failing to respond and provide PLAINTIFF with her employment file.  Section 1198.5 states that employees (and former employees) have the right to inspect personnel records maintained by the employer "related to the employee's performance or to any grievance concerning the employee."  Employers must allow inspection or copying within thirty (30) days of the request.  PLAINTIFF is now entitled to and requests injunctive relief to obtain compliance with Cal. Lab. Code Section 1198.5, a statutory penalty, and an award of attorneys' fees and costs for bringing this action

47.    Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for her rest and meal periods.

PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period each workday in which she was required by DEFENDANT to work ten (10) hours of work.  When DEFENDANT provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be her off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT strict corporate policy and practice. Moreover, DEFENDANT also provided PLAINTIFF with a paystub that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANT also failed to reimburse PLAINTIFF for required business expenses related to the use of her personal cell phone, on behalf of and in furtherance of her employment with DEFENDANT. Further, failed to provide and/or make available to PLAINTIFF her personnel records, payroll records, employment contracts, and entire employment file within (30) days of all her request on March 11, 2022. To date, DEFENDANT have not fully paid PLAINTIFF the minimum, overtime and double time compensation still owed to her or any penalty wages owed to her under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**K. <u>CLASS ACTION ALLEGATIONS</u>**

58.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all persons who are or previously were employed by Defendant Armadillo Holdings and/or Defendant Texas Roadhouse Management and/or Defendant Texas Roadhouse in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

59.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums, illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

60.    The members of the class are so numerous that joinder of all class members is impractical.

61.    Common questions of law and fact regarding DEFENDANT's conduct, including but not limited to, the off-the-clock work, unpaid meal and rest period premiums, failure to accurately calculate the regular rate of pay for overtime compensation, failure to accurately calculate the regular rate of compensation for missed meal and rest period premiums, failing to provide legally compliant meal and rest periods, failed to reimburse for business expenses, failure to provide accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.    Whether DEFENDANT maintained legally compliant meal period policies and practices;

    b.    Whether DEFENDANT maintained legally compliant rest period policies and practices;

    c.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

    d.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

    e.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

    f.    Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

    g.    Whether DEFENDANT issued legally compliant wage statements;

h.   Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

i.   Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

j.   Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

62.   PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANT's conduct and actions alleged herein.

63.   PLAINTIFF's claims are typical of the claims of the class, and PLAINTIFF has the same interests as the other members of the class.

64.   PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS Members.

65.   PLAINTIFF retained able class counsel with extensive experience in class action litigation.

66.   Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interests of the other CALIFORNIA CLASS Members.

67.   There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

68.   The questions of law and fact common to the CALIFORNIA CLASS Members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members in impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

    a.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

    b.  Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

**FIRST CAUSE OF ACTION**

**Unlawful Business Practices**

**(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

70.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

71.     DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

72. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

73. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

74. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

75. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods and, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

76.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

77.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide legally required meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by Cal. Lab. Code §§ 226.7 and 512.

78.     Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

79.     PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

80.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

81.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

82.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

83.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

84.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Cal. Lab. Code §§ 1194, 1197 and 1197.1.)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

85.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

86.     PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and pay minimum wages to PLAINTIFF and the CALIFORNIA CLASS Members.

87.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

88.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

89.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

90.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they worked. As set forth herein, DEFENDANT'S uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

91.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regards to minimum wage pay.

92.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

93.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

94.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

95. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

96. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under-compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform corporate policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

97. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

98. PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS

Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

### Failure To Pay Overtime Compensation

### (Cal. Lab. Code §§ 510, 1194 and 1198)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

99.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

101.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

102.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

103.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

104.    During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were required by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

105.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

106.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

107.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for overtime worked.

108.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA CLASS based on DEFENDANT's violations of non- negotiable, non-waivable rights provided by the State of California.

109.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

110.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

111.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for all overtime worked by these employees, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

112.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked.

113.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

114.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a

1  sum as provided by the California Labor Code and/or other applicable statutes. To the extent

2  minimum and/or overtime compensation is determined to be owed to the CALIFORNIA CLASS

3  Members who have terminated their employment, DEFENDANT's conduct also violates Labor

4  Code §§ 201 and/or 202, and therefore these employees would also be entitled to waiting time

5  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

6  CALIFORNIA CLASS Members. DEFENDANT's conduct as alleged herein was willful,

7  intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS

8  Members are entitled to seek and recover statutory costs.

9  **FOURTH CAUSE OF ACTION**

10  **Failure To Provide Required Meal Periods**

11  **(Cal. Lab. Code §§ 226.7 & 512)**

12  **(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

13  115.   PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and

14  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15  Complaint.

16  116.   During the CLASS PERIOD, DEFENDANT failed to provide all the legally

17  required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as

18  required by the applicable Wage Order and Labor Code. The nature of the work performed by

19  PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being

20  relieved of all of their duties for the legally required off-duty meal periods. As a result of their

21  rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not

22  fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's

23  failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required

24  meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business

25  records.   Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS

26  Members with a second off-duty meal period in some workdays in which these employees were

27  required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other

28

1   members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation
2   and in accordance with DEFENDANT's strict corporate policy and practice.

3       117.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
4   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members
5   who were not provided a meal period, in accordance with the applicable Wage Order, one
6   additional hour of compensation at each employee's regular rate of pay for each workday that a
7   meal period was not provided.

8       118.   As a proximate result of the aforementioned violations, PLAINTIFF and
9   CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,
10  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

11                        **FIFTH CAUSE OF ACTION**

12                   **Failure To Provide Required Rest Periods**

13                      **(Cal. Lab. Code §§ 226.7 & 512)**

14      **(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

15      119.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and
16  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
17  Complaint.

18      120.   From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were
19  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.
20  Further, these employees were denied their first rest periods of at least ten (10) minutes for some
21  shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)
22  minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and
23  third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.
24  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour
25  wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other
26  CALIFORNIA CLASS Members were periodically denied their proper rest periods by
27  DEFENDANT and DEFENDANT's managers.  In addition, DEFENDANT failed to compensate
28  PLAINTIFF and CALIFORNIA CLASS Members for their rest periods as required by the

applicable Wage Order and Labor Code. As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required paid rest periods is evidenced by DEFENDANT's business records.

121.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

122.   As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure To Provide Accurate Itemized Statements

### (Cal. Lab. Code §§ 226)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

123.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

124.   Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a.   Gross wages earned,

    b.   (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    c.   the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    d.   all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

e.   net wages earned,

f.   the inclusive dates of the period for which the employee is paid,

g.   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than social security number may be shown on the itemized statement,

h.   the name and address of the legal entity that is the employer, and

i.   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

125.   During the CLASS PERIOD, when PLAINTIFF and other CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements which failed to show, among other things, the accurate gross wages earned, net wages earned, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty payments or missed meal and rest periods.

126.   In addition to the foregoing, DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226.

127.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein).

<u>**SEVENTH CAUSE OF ACTION**</u>

**Failure To Pay Wages When Due**

**(Cal. Lab. Code §§ 203)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

128.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

129.    Cal. Lab. Code § 200 provides that:

As used in this article:

(d)    "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(e)    "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the to be paid for is performed personally by the person demanding payment.

130.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

131.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

132.    There was no definite term in PLAINTIFF's or any CALIFORNIA CLASS Members' employment contract.

133.    Cal. Lab. Code § 203 provides:

1
2
3

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

4

134.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members

5

terminated, and DEFENDANT has not tendered payment of wages to these employees who were

6

underpaid for minimum wage and/or overtime wage, and/or missed meal and rest breaks, as

7

required by law.

8

135.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

9

members of the CALIFORNIA CLASS whose employment has terminated, PLAINTIFF demand

10

up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all

11

employees who terminated employment during the CLASS PERIOD and demand an accounting

12

and payment of all wages due, plus interest and statutory costs as allowed by law.

13

**EIGHTH CAUSE OF ACTION**

14

**Failure To Reimburse Employees For Required Expenses**

15

**(Cal. Lab. Code §§ 2802)**

16

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

17

136.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

18

incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

19

Complaint.

20

137.    Cal. Lab. Code § 2802 provides, in relevant part, that:

21

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

22

his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful

23

138.    From time-to-time during the CLASS PERIOD, DEFENDANT violated Cal. Lab.

24

Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the members of the

25

CALIFORNIA CLASS for required expenses incurred in the discharge of their job duties for

26

DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the members of the

27

CALIFORNIA CLASS for expenses which included, but were not limited to, costs related to

28

using their personal cellular phone all on behalf of and for the benefit of DEFENDANT.

Specifically, PLAINTIFF and the members of the CALIFORNIA CLASS were required by DEFENDANT to use their personal cell phones to execute their essential job duties on behalf of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of their expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the members of the CALIFORNIA CLASS, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for these expenses as an employer is required to do under the laws and regulations of California.

139.    PLAINTIFF therefore demands reimbursement on behalf of the members of the CALIFORNIA CLASS for expenditures or losses incurred in the discharge their job duties and on behalf of DEFENDANT, or his/her obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    a.  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    b.  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    c.  An order requiring DEFENDANT to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

    d.  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to

PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA CLASS:

    a.  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    b.  Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation and separately owed rest periods, due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

    c.  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

    d.  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226

    e.  The wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.  On all claims:

    a.  An award of interest, including prejudgment interest at the legal rate;

    b.  Such other and further relief as the Court deems just and equitable; and

    c.  An award of penalties, attorneys' fees and costs of suit, as allowable under the law.

DATED:  May 4, 2022

**ZAKAY LAW GROUP, APLC**

By: _____

    Shani O. Zakay
    Attorney for PLAINTIFF

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

DATED:   May 4, 2022

5

**ZAKAY LAW GROUP, APLC**

6

By:_____

7

Shani O. Zakay

Attorney for PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# EXHIBIT B

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Tel.:  (916) 448-0159
Fax:  (916) 558-4839

Attorney for Defendant
ARMADILLO HOLDINGS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated, <br><br> Plaintiff, <br> v. <br><br> ARMADILLO HOLDINGS, LLC, a Nevada limited liability company and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 34-2016-00197818 <br><br> **DECLARATION OF DON ESTEPP IN SUPPORT OF DEFENDANT ARMADILLO HOLDINGS, LLC'S NOTICE TO REMOVE TO FEDERAL COURT** <br><br> Stanislaus County Superior Court Case No. CV-22-001986 <br><br> Complaint Filed:    May 4, 2022 |

### DECLARATION OF DON ESTEPP

I, Don Estepp, hereby declare as follows:

1.      I am over 18 years old, of sound mind, and have personal knowledge of the facts stated in this Declaration.

2.      I am the Chief Financial Officer of Armadillo Holdings, LLC ("Armadillo"). Armadillo operates the six California Texas Roadhouse franchises that are the subject of this litigation.

3.      I have personal knowledge of the foregoing, or knowledge based upon corporate records which are in my custody and control, among others. If called and sworn as a witness, I could and would competently testify thereto.

4.      Armadillo is a limited liability company organized under the laws of the State of Nevada. However, Armadillo's executive officers and high-level administrative employees are located and perform their duties in Indiana.

5.      I have reviewed Armadillo's human resources records for all non-exempt, hourly-paid employees at its six California restaurant locations employed at any time from May 4, 2018 to May 4, 2022. Based upon that review, I have determined the following:

a.      Armadillo employed approximately 3,753 individuals as non-exempt employees from May 4, 2018 to May 4, 2022 in California.

b.      From May 4, 2019, through April 4, 2022, approximately 1,485 individuals separated from employment with Armadillo. The average wage for these former employees was $14.48/hour. From May 4, 2018 to May, 4, 2022, the average shift length for all employees was 6.05 hours.

c.      From May 4, 2018 to May 4, 2022, Armadillo employed 3,753 current and

_____

_____

DECLARATION OF DON ESTEPP IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

former non-exempt employees. On average, these employees earned $14.64/hour and worked 36.19 weeks during that four-year period. During that time frame, these employees worked approximately 487,754 shifts above five hours and approximately 576,591 shifts above four hours entitling them to at least one meal and rest break, respectively.

       d.     Armadillo employed approximately 1,898 individuals from May 4, 2021 to May 4, 2022 and issued 21,597 wage statements during that timeframe.

6.     I have reviewed Plaintiff Porsche Barrett's personnel file.

7.     Plaintiff is a non-exempt, hourly-paid employee of Armadillo. Plaintiff Barrett has worked for Armadillo at its Modesto, California location since 2015 and she has maintained a California residence on file with Armadillo since that time.

I affirm under the penalty for perjury under the laws of the State of California and the United States of America that the foregoing statements are true and correct to the best of my knowledge. Executed on this 14th day of July, 2022, at Fishers, Indiana.

                                       */s/ Don Estepp*
                                       Don Estepp

                                       (signature on file with attorney Blake Burgan)

# EXHIBIT C



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3191
www.stanct.org

## **Alternative Dispute Resolution Information Packet**

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

➢ **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
➢ **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
➢ **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
➢ **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
➢ **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

**ADR may not be suitable for every dispute and may not be to your advantage.**

➢ The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
➢ Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
➢ If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

**What are my ADR Options?**

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

❖ **ARBITRATION**

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

❖ **MEDIATION**

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

❖ **Additional Information**

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at **www.stanct.org.**

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address)*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                      FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**

MAILING ADDRESS:  **801 10TH STREET, 4TH FLOOR**

CITY AND ZIP CODE:  **MODESTO, CA 95354**

BRANCH NAME:  **MODESTO**

CASE NAME:

| **STIPULATION AND ORDER TO ADR** | CASE NUMBER: |
|---|---|

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation                    ☐ Private Arbitration

☐ Private Mediation                         ☐ Neutral Evaluation

☐ Judicial Arbitration                       ☐ Voluntary Mediation in lieu of Judicial Arbitration

---

**This box is to be filled out for or Voluntary Mediation and Neutral Evaluation only.**

In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator or neutral-evaluator.  If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that _____ (name of mediator/neutral evaluator) shall serve as the neutral for this case.

_____    _____

Signature of Neutral                              Date

☐ It is Stipulated that the Court select a mediator for this case.

• For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).

---

►_____    ►_____

(PLAINTIFF)                                             (DEFENDANT)

_____    _____

(SIGNATURE)                      (DATE)       (SIGNATURE)                      (DATE)

►_____    ►_____

(PLAINTIFF'S ATTORNEY)                     (DEFENDANT'S ATTORNEY)

_____    _____

(SIGNATURE)                      (DATE)       (SIGNATURE)                      (DATE)

---

# EXHIBIT D

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shani O. Zakay, Esq. (SBN:277924)
Zakay Law Group, APLC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
TELEPHONE NO.: (619) 255-9047    FAX NO.: (858) 404-9203
ATTORNEY FOR (Name): Plaintiff

**FILED**

MAY 0 4 2022

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

CASE NAME:
Porsche Barrett v. Armadillo Holdings, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV-22-001986 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

4. Number of causes of action (specify): VIOLATION OF CA BUS. & PROF. CODE §§ 17200, et seq., et al.

5. This case [✓] is [ ] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 4, 2022

Shani O. Zakay, Esq.
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT E

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically Filed |
| 5/4/2022 10:08 AM |
| Superior Court of California |
| County of Stanislaus |
| Clerk of the Court |
| By: Sonia Krohn, Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CV-22-001986 |
| --- | --- |

Stanislaus County Superior Court - City Towers Courthouse
801 10th Street, 4th Floor
Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shani O. Zakay, Esq. (SBN:277924)  Tel: ((619) 255-9047  Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE:   5/4/2022 10:08 AM *(Fecha)* | Clerk, by *(Secretario)* Sonia Krohn | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |
| --- | --- | --- |

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff

Electronically Filed
5/4/2022 10:08 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

$435 PAID

$1,000 COMPLEX FEE PAID

Freeland, John D
This case has been assigned to Judge _____.
Dept. 23
Department ____ for all purposes including Trial.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF STANISLAUS

PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,

Plaintiff,

v.

ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,

Defendants.

Case No: CV-22-001986

**CLASS ACTION COMPLAINT FOR:**

1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;
2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 *et seq*;
4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7) FAILURE TO PROVIDE WAGES WHEN

DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE §2802.

**DEMAND FOR A JURY TRIAL**

Plaintiff PORSCHE BARRETT ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.      Defendant ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE ("Defendant Armadillo Holdings") is a Nevada limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

2.      Defendant TEXAS ROADHOUSE MANAGEMENT CORP. ("Defendant Texas Roadhouse Management") is a Kentucky corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

3.      Defendant TEXAS ROADHOUSE, INC. ("Defendant Texas Roadhouse") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California.

4.      Defendant Armadillo Holdings, Defendant Texas Roadhouse Management and Defendant Texas Roadhouse were the joint employers of PLAINTIFF as evidenced by the contracts signed and by the company the PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein and collectively referred to herein as "DEFENDANTS" and/or "DEFENDANT."

5.      DEFENDANT owns, operates and/or manages a chain of Texas Roadhouse restaurants in the state of California, including in Stanislaus County where PLAINTIFF worked.

6.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this

Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive, (hereinafter collectively "DEFENDANTS" and/or "DEFENDANT") are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.    The agents, servants, and/or employees of the DEFENDANT and each of them acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendant, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other DEFENDANT and all DEFENDANT are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendant's agents, servants and/or employees.

8.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

9.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

10.    PLAINTIFF has been employed by DEFENDANT in California since 2015 and at all times was classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

11.     PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all persons who are or previously were employed by Defendant Armadillo Holdings and/or Defendant Texas Roadhouse Management and/or Defendant Texas Roadhouse in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").  The amount in controversy for the aggregate claim of the CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

12.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

13.     DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.

14.     PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

/ / /

1

## JURISDICTION AND VENUE

2      15.    This Court has jurisdiction over this Action pursuant to California Code of Civil

3   Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

4   action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of

5   DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

6      16.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

7   Sections 395 and 395.5, because DEFENDANT operates in locations across California, employs

8   the CALIFORNIA CLASS across California, including in this County, and committed the

9   wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

10

## THE CONDUCT

11      17.    In violation of the applicable sections of the California Labor Code and the

12   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a

13   matter of company policy, practice and procedure, intentionally, knowingly and systematically

14   failed to provide legally compliant meal and rest periods, failed to accurately compensate

15   PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest

16   periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all

17   time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF

18   and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay,

19   failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal rest

20   premiums at the regular rate, failed to reimburse PLAINTIFF and other CALIFORNIA CLASS

21   Members for business expenses, and failed to issue to PLAINTIFF and the members of the

22   CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all

23   applicable hourly rates in effect during the pay periods and the corresponding amount of time

24   worked at each hourly rate.  DEFENDANT's uniform policies and practices are intended to

25   purposefully avoid the accurate and full payment for all time worked as required by California

26   law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors

27   who comply with the law.  To the extent equitable tolling operates to toll claims by the

28   CALIFORNIA CLASS against DEFENDANT, the CLASS PERIOD should be adjusted

1   accordingly.

2   **A.  Meal Period Violations**

3       18.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was

4   required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

5   meaning the time during which an employee is subject to the control of an employer, including

6   all the time the employee is suffered or permitted to work.  From time-to-time during the CLASS

7   PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work

8   without paying them for all the time they were under DEFENDANT's control.  Specifically, as a

9   result of PLAINTIFF's demanding work requirements and DEFENDANT'S understaffing,

10  DEFENDANT required PLAINTIFF to work during what was supposed to be PLAINTIFF's off-

11  duty meal break.  Indeed, there were many days where PLAINTIFF did not even receive a partial

12  lunch.  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited

13  minimum wage and overtime wages by regularly working without their time being accurately

14  recorded and without compensation at the applicable minimum wage and overtime rates.

15  DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA

16  CLASS Members for all time worked is evidenced by DEFENDANT's business records.

17      19.     From time-to-time during the CLASS PERIOD, as a result of their rigorous work

18  requirements and DEFENDANT's inadequate staffing practices, PLAINTIFF and other

19  CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off-

20  duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and

21  other CALIFORNIA CLASS Members were required from time to time to perform work as

22  ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a

23  meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and

24  CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which

25  these employees were required by DEFENDANT to work ten (10) hours of work from time to

26  time.  The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS

27  Members does not qualify for limited and narrowly construed "on-duty" meal period exception.

28  When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS

Members were, from time to time, required to remain on duty and on call.  PLAINTIFF and other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

**B.  Rest Period Violations**

20.    From time-to-time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work requirements and DEFENDANT's inadequate staffing.  Further, for the same reasons these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and/or on call. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu* thereof.  As a result of their rigorous work schedules and DEFENDANT's inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

**C.  Unreimbursed Business Expenses**

21.    DEFENDANT as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the CALIFORNIA CLASS for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though

1 unlawful, unless the employee, at the time of obeying the directions, believed them to be
2 unlawful."

3      22.    In the course of their employment, DEFENDANT required PLAINTIFF and other
4 CALIFORNIA CLASS Members to use their personal cell phones as a result of and in furtherance
5 of their job duties as employees for DEFENDANT.  But for the use of their own personal cell
6 phones, PLAINTIFF and the CALIFORNIA CLASS Members could not complete their essential
7 job duties. However, DEFENDANT unlawfully failed to reimburse PLAINTIFF and other
8 CALIFORNIA CLASS Members for their use of their personal cell phones. As a result, in the
9 course of their employment with DEFENDANT, the PLAINTIFF and other CALIFORNIA
10 CLASS Members incurred unreimbursed business expenses, but were not limited to, costs related
11 to the use of their personal cellular phones, all on behalf of and for the benefit of DEFENDANT.

12 **D.  <u>Wage Statement Violations</u>**

13      23.    California Labor Code Section 226 requires an employer to furnish its employees
14 an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked,
15 (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net
16 wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name
17 of the employee and only the last four digits of the employee's social security number or an
18 employee identification number other than a social security number, (8) the name and address of
19 the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay
20 period and the corresponding number of hours worked at each hourly rate by the employee.

21      24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other
22 CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed
23 meal and rest period premiums, or were not paid for all hours worked, DEFENDANT also failed
24 to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate
25 wage statements which failed to show, among other things, the total hours worked and all
26 applicable hourly rates in effect during the pay period and the corresponding amount of time
27 worked at each hourly rate, correct rates of pay for penalty payments or missed meal and rest
28 periods.

25.    In addition to the foregoing, DEFENDANT, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with Cal. Lab. Code § 226.

26.    As a result, DEFENDANT issued PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226. Further, DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional payroll error due to clerical or inadvertent mistake.

**E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

27.    During the CLASS PERIOD, from time-to-time DEFENDANT failed and continue to fail to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all hours worked.

28.    During the CLASS PERIOD, from time-to-time DEFENDANT required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work, including but not limited to, undergoing pre-shift Covid-19 health screenings from time to time off-the-clock. This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to work while off-the-clock.

29.    DEFENDANT directed and directly benefited from the uncompensated off-the-clock work performed by PLAINTIFF and the other members of the CALIFORNIA CLASS.

30.    DEFENDANT controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANT was able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANT failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.   DEFENDANT's policies and practices deprived PLAINTIFF and the other members of the CALIFORNIA CLASS of all minimum, regular, overtime, and double time wages owed for the off-the-clock work activities.  Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over 40 hours in a workweek, and more than eight (8) hours per day, DEFENDANT's policies and practices also deprived them of overtime pay.

34.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35.   As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for all hours worked at DEFENDANT's direction, control and benefit for the time spent working while off-the-clock.  DEFENDANT's uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANT's business records.

**F.   <u>Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Sick Pay</u>**

36.   From time-to-time during the CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS members for their overtime and double time hours worked, meal and rest period premiums, and sick pay.  As a result, PLAINTIFF and the other CALIFORNIA CLASS members forfeited wages due them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and sick pay rates. DEFENDANT's uniform policy and practice to not pay the CALIFORNIA CLASS members the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANT's business records.

37.   State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."   PLAINTIFF and other CALIFORNIA CLASS members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CLASS MEMBERS incentive wages based on their performance for DEFENDANTS. The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.    However, from-time-to-time, when calculating the regular rate of pay, in those pay periods where PLAINTIFF and other CALIFORNIA CLASS members worked overtime, double time, paid meal and rest period premium payments, and/or paid sick pay, and earned non-discretionary bonus, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employees' "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked. Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime and double time compensation, meal and rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that paid sick time for non-employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as articulated herein, by failing to include the incentive compensation as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the underpayment of which is recoverable under Cal. Labor Code Sections 201, 202, 203 and/or 204.

40.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate

of pay for all overtime and double time worked, meal and rest period premiums, and sick pay. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime and double time compensation, meal and rest period premiums, and sick pay as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS members against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

**G. Unlawful Deductions**

41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF and CALIFORNIA CLASS Members' pay without explanations and without authorization to do so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result, DEFENDANTS violated Labor Code § 221.

**H. Violations for Untimely Payment of Wages**

42.    Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

**I.    Unlawful Rounding Violations**

43.    During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual time these employees worked each day, including overtime hours. Specifically, DEFENDANT had in place an unlawful rounding policy and practice that resulted in PLAINTIFF and CALIFORNIA CLASS Members being undercompensated for all of their time worked. As a result, DEFENDANT was able to and did in fact unlawfully, and unilaterally round the time recorded in DEFENDANT'S timekeeping system for PLAINTIFF and the members of the CALIFORNIA CLASS in order to avoid paying these employees for all their time worked, including the applicable overtime compensation for overtime

1    worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members, from time to time,

2    forfeited compensation for their time worked by working without their time being accurately

3    recorded and without compensation at the applicable overtime rates.

4        44.    Further, the mutability of DEFENDANT'S timekeeping system and unlawful

5    rounding policy and practice resulted in PLAINTIFF and CALIFORNIA CLASS Members' time

6    being inaccurately recorded. As a result, from time to time, DEFENDANT'S unlawful rounding

7    policy and practice caused PLAINTIFF and CALIFORNIA CLASS Members to perform work

8    as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-

9    duty meal break. Additionally, DEFENDANT'S unlawful rounding policy and practice caused

10   PLAINTIFF and CALIFORNIA CLASS Members to perform work as ordered by DEFENDANT

11   for more than ten (10) hours during a shift without receiving a second off-duty meal break.

12   **J.   Failure to Provide Personnel Files**

13       45.    On March 11, 2022, PLAINTIFF caused a written request via certified mail to be

14   believed to DEFENDANTS for PLAINTIFF'S personnel and employment records, including but

15   not limited to: (1) payroll records; (2) employment contracts; (3) itemized pay stubs; and (4)

16   PLAINTIFF'S complete employment file.

17       46.    DEFENDANTS failed to provide and/or make available to PLAINTIFF her

18   personnel records, payroll records, employment contract, and entire employment file within thirty

19   (30) days of her request stated above.  In fact, as of the date of filing of this complaint,

20   DEFENDANTS have still failed to pay PLAINTIFF the statutory penalty in the amount of $750.

21   DEFENDANTS violated Cal. Lab. Code Section 1198.5 by failing to respond and provide

22   PLAINTIFF with her employment file.  Section 1198.5 states that employees (and former

23   employees) have the right to inspect personnel records maintained by the employer "related to

24   the employee's performance or to any grievance concerning the employee."  Employers must

25   allow inspection or copying within thirty (30) days of the request.  PLAINTIFF is now entitled to

26   and requests injunctive relief to obtain compliance with Cal. Lab. Code Section 1198.5, a statutory

27   penalty, and an award of attorneys' fees and costs for bringing this action

28       47.    Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take

     off duty meal and rest breaks and was not fully relieved of duty for her rest and meal periods.

PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period each workday in which she was required by DEFENDANT to work ten (10) hours of work. When DEFENDANT provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be her off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT strict corporate policy and practice. Moreover, DEFENDANT also provided PLAINTIFF with a paystub that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANT also failed to reimburse PLAINTIFF for required business expenses related to the use of her personal cell phone, on behalf of and in furtherance of her employment with DEFENDANT. Further, failed to provide and/or make available to PLAINTIFF her personnel records, payroll records, employment contracts, and entire employment file within (30) days of all her request on March 11, 2022. To date, DEFENDANT have not fully paid PLAINTIFF the minimum, overtime and double time compensation still owed to her or any penalty wages owed to her under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**K.  CLASS ACTION ALLEGATIONS**

58.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all persons who are or previously were employed by Defendant Armadillo Holdings and/or Defendant Texas Roadhouse Management and/or Defendant Texas Roadhouse in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

59.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums, illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

60.    The members of the class are so numerous that joinder of all class members is impractical.

61.    Common questions of law and fact regarding DEFENDANT's conduct, including but not limited to, the off-the-clock work, unpaid meal and rest period premiums, failure to accurately calculate the regular rate of pay for overtime compensation, failure to accurately calculate the regular rate of compensation for missed meal and rest period premiums, failing to provide legally compliant meal and rest periods, failed to reimburse for business expenses, failure to provide accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a.    Whether DEFENDANT maintained legally compliant meal period policies and practices;

b.    Whether DEFENDANT maintained legally compliant rest period policies and practices;

c.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

d.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

e.    Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

f.    Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

g.    Whether DEFENDANT issued legally compliant wage statements;

**CLASS ACTION COMPLAINT**

h.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

i.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

j.  Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

62.  PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANT's conduct and actions alleged herein.

63.  PLAINTIFF's claims are typical of the claims of the class, and PLAINTIFF has the same interests as the other members of the class.

64.  PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS Members.

65.  PLAINTIFF retained able class counsel with extensive experience in class action litigation.

66.  Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interests of the other CALIFORNIA CLASS Members.

67.  There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

68.  The questions of law and fact common to the CALIFORNIA CLASS Members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

69.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members in impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

      a.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

      b.    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## FIRST CAUSE OF ACTION

### Unlawful Business Practices

### (Cal. Bus. And Prof. Code §§ 17200, *et seq.*)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

70.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

71.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

72.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

73.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

74.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

75.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods and, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

76.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

77.    By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide legally required meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by Cal. Lab. Code §§ 226.7 and 512.

78.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

79.    PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

80.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

81.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

82.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and, do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

83.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

84.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Cal. Lab. Code §§ 1194, 1197 and 1197.1.)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

85.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

86.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and pay minimum wages to PLAINTIFF and the CALIFORNIA CLASS Members.

87.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

88.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

89.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

90.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they worked. As set forth herein, DEFENDANT'S uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

91.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regards to minimum wage pay.

92.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

93.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

94.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

95.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

96.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under-compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform corporate policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

97.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

98.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS

Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 510, 1194 and 1198)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

99.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

101.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

102.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

103.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

104.    During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were required by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

105.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

106.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

107.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for overtime worked.

108.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA CLASS based on DEFENDANT's violations of non- negotiable, non-waivable rights provided by the State of California.

109.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

110.   DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

111.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for all overtime worked by these employees, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

112.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked.

113.   In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

114.   PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a

sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

**FOURTH CAUSE OF ACTION**

**Failure To Provide Required Meal Periods**

**(Cal. Lab. Code §§ 226.7 & 512)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

115.   PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

116.   During the CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.   Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.   As a result, PLAINTIFF and other

members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

117.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

118.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure To Provide Required Rest Periods

### (Cal. Lab. Code §§ 226.7 & 512)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

119.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

120.    From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  In addition, DEFENDANT failed to compensate PLAINTIFF and CALIFORNIA CLASS Members for their rest periods as required by the

applicable Wage Order and Labor Code. As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required paid rest periods is evidenced by DEFENDANT's business records.

121.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

122.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure To Provide Accurate Itemized Statements

### (Cal. Lab. Code §§ 226)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

123.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

124.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a.   Gross wages earned,

    b.   (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    c.   the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    d.   all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

e.   net wages earned,

f.   the inclusive dates of the period for which the employee is paid,

g.   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than social security number may be shown on the itemized statement,

h.   the name and address of the legal entity that is the employer, and

i.   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

125.   During the CLASS PERIOD, when PLAINTIFF and other CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements which failed to show, among other things, the accurate gross wages earned, net wages earned, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty payments or missed meal and rest periods.

126.   In addition to the foregoing, DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226.

127.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein).

## SEVENTH CAUSE OF ACTION

### Failure To Pay Wages When Due

### (Cal. Lab. Code §§ 203)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

128.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

129.    Cal. Lab. Code § 200 provides that:

As used in this article:

(d)    "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(e)    "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the to be paid for is performed personally by the person demanding payment.

130.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

131.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

132.    There was no definite term in PLAINTIFF's or any CALIFORNIA CLASS Members' employment contract.

133.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

134.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANT has not tendered payment of wages to these employees who were underpaid for minimum wage and/or overtime wage, and/or missed meal and rest breaks, as required by law.

~~135.~~    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA CLASS whose employment has terminated, PLAINTIFF demand up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## EIGHTH CAUSE OF ACTION

### Failure To Reimburse Employees For Required Expenses

### (Cal. Lab. Code §§ 2802)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

136.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

137.    Cal. Lab. Code § 2802 provides, in relevant part, that:
An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful

138.    From time-to-time during the CLASS PERIOD, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for expenses which included, but were not limited to, costs related to using their personal cellular phone all on behalf of and for the benefit of DEFENDANT.

Specifically, PLAINTIFF and the members of the CALIFORNIA CLASS were required by DEFENDANT to use their personal cell phones to execute their essential job duties on behalf of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of their expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the members of the CALIFORNIA CLASS, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the members of the CALIFORNIA CLASS for these expenses as an employer is required to do under the laws and regulations of California.

139.    PLAINTIFF therefore demands reimbursement on behalf of the members of the CALIFORNIA CLASS for expenditures or losses incurred in the discharge their job duties and on behalf of DEFENDANT, or his/her obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   c. An order requiring DEFENDANT to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

   d. Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to

PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA CLASS:

    a.  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    b.  Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation and separately owed rest periods, due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

    c.  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

    d.  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226

    e.  The wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.  On all claims:

    a.  An award of interest, including prejudgment interest at the legal rate;

    b.  Such other and further relief as the Court deems just and equitable; and

    c.  An award of penalties, attorneys' fees and costs of suit, as allowable under the law.

DATED:  May 4, 2022

**ZAKAY LAW GROUP, APLC**

By: _____

Shani O. Zakay
Attorney for PLAINTIFF

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

DATED:   May 4, 2022

5

**ZAKAY LAW GROUP, APLC**

6

By:_____

7

Shani O. Zakay
Attorney for PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# EXHIBIT F

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)

ZAKAY LAW GROUP APLC

5440 MOREHOUSE DRIVE SUITE 3600

SAN DIEGO CA 92121

Attorney for:  PLAINTIFF

*FOR COURT USE ONLY*

Electronically Filed
5/4/2022 10:08 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:   City Towers Bldg., 801 10th St, 4th Floor,  Modesto, CA 95354
Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354

**Plaintiff/Petitioner:**   PORSCHE BARRETT
**Defendant/Respondent:**  ARMADILLO HOLDINGS LLC; ET AL

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER
CV-22-001986

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Hearing: 9/26/2022 9:00 AM

Date:_____Time:_____AM/PM

This case is assigned to Judge _____Freeland, John D_____, Dept ___Dept. 23___, for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

.......................................................................................................................................

**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

2. You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the Court may make pretrial orders, including the following:

   a.  An order establishing a discovery schedule.

   b.  An order referring the case to arbitration.

   c.  An order dismissing fictitious defendants.

   d.  An order scheduling exchange of expert witness information.

   e.  An order setting subsequent conferences and the trial date.

   f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:   5/4/2022 10:08 AM        by_____   Sonia Krohn   Deputy Clerk

CV003
Mandatory
Form

**--SANCTIONS--**
If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

11/10

## Rule 3.110.  Time for Service of Complaint, Cross-Complaint, and Response

(a)  [Application]  This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions,  proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b)  [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c)  [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d)  [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e)  [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f)  [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g)  [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h)  [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i)  [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

CV003
Mandatory
Form                                                                                                                          11/10

# EXHIBIT G

Electronically Filed
6/9/2022 11:20 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Yukari Williams, Deputy

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
Sydney Castillo-Johnson (State Bar #343881)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com
scastillo@jcl-lawfirm.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Dr., Ste 3600
San Diego, CA 92121
Telephone: (619)255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

Attorneys for Plaintiff PORSCHE BARRETT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. CV-22-001986<br><br>[Complaint Filed 05/04/2022]<br><br>**DECLARATION OF JEAN-CLAUDE LAPUYADE, ESQ., PURSUANT TO CALIFORNIA RULE OF COURT 3.770(A), IN SUPPORT OF REQUEST TO DISMISS DEFENDANTS TEXAS ROADHOUSE MANAGEMENT CORP., AND TEXAS ROADHOUSE, INC.**<br><br>Judge: Hon. John D. Freeland<br>Dept.: 23 |

1    I, Jean-Claude Lapuyade, declare and state as follows:

2        1.    I am an attorney duly licensed to practice law in the State of California, and I am co-

3 counsel with Shani O. Zakay of the Zakay Law Group, APLC as attorneys of record for Plaintiff

4 PORSCHE BARRETT (hereinafter "Plaintiff"), in the above referenced action. I have personal

5 knowledge of all of the facts stated herein, unless stated upon information and belief, and if called

6 to testify as a witness, I could and would competently testify to them.

7        2.    Plaintiff filed the Complaint for this class action on May 4, 2022.

8        3.    After filing the action and conducting investigation and discovery into the claims,

9 Plaintiff's counsel learned that defendants **TEXAS ROADHOUSE MANAGEMENT CORP.**

10 **("TRM"), and TEXAS ROADHOUSE, INC. ("TRI")** were improperly named.

11        4.    Plaintiff reserves the right to name TRM and TRI as Defendants in this action at a

12 later date if it is discovered to be necessary.

13        5.    For this reason, as Plaintiff's co-counsel, I respectfully request the Court to dismiss

14 immediately TRM and TRI, without prejudice, in the action.

15        6.    Defendant has not offered, and Plaintiff has not received any consideration

16 whatsoever, direct or indirect, for the requested dismissal, *without* prejudice, of the TRM and TRI.

17        7.    At this time, the class action has not been certified. Similarly, no notice of the class

18 action has been provided to the class members.

19        8.    A dismissal of TRM and TRI without notice to the putative class members is

20 warranted here because the class allegations will be pursued against the proper Defendant.

21        9.    This Declaration is made under penalty of perjury in the city of San Diego, State of

22 California, June 9, 2022.

23

24                JCL LAW FIRM, APC

25

26                JEAN-CLAUDE LAPUYADE, ESQ.
                  Attorneys for Plaintiffs.

27

28

# EXHIBIT H

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619)255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

Attorneys for Plaintiff PORSCHE BARRETT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. CV-22-001986<br><br>**PROOF OF SERVICE** |

## DECLARATION OF SERVICE

I, Natalia Michele, declare:

I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, State of California, where the mailing occurred; and my business address is 5440 Morehouse Drive, Ste 3600, San Diego, CA 92121.

On the date specified below, I served the following documents as described below:

- **DECLARATION OF JEAN-CLAUDE LAPUYADE, ESQ., PURSUANT TO CALIFORNIA RULE OF COURT 3.770(A), IN SUPPORT OF REQUEST TOTO DISMISS TO DISMISS DEFENDANTS TEXAS ROADHOUSE MANAGEMENT CORP., AND TEXAS ROADHOUSE, INC.**

---

1

- **[PROPOSED] ORDER GRANTING DISMISSAL OF DEFENDANTS TEXAS ROADHOUSE MANAGEMENT CORP., AND TEXAS ROADHOUSE INC.**

[X]    **BY MAIL** - I deposited such envelope in the mail at San Diego, California. The envelope was mailed with sufficient postage thereon. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with sufficient postage thereon at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing affidavit. Served to the following parties via U.S. Postal Service:

[ ]    **BY PERSONAL SERVICE** - I caused such envelope to be delivered by a process server employed by _____.

[ ]    **VIA FACSIMILE** - I faxed said document, to the office(s) of the addresses shown on the attached Service List and the transmission was reported as complete and without error.

[X]    **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by way of email to the email addresses on the attached service list.

[ ]    **BY OVERNIGHT DELIVERY** - I deposited such envelope for collection and delivery by FedEx with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by FedEx. They are deposited with a facility regularly maintained by FedEx for receipt on the same day in the ordinary course of business.

[x]    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 9, 2022, at San Diego, California.

By: *Natalia Michele*

Natalia Michele

2

## SERVICE LIST
*Barrett v. Armadillo Holdings, LLC dba Texas Roadhouse*
Superior Court Case No. CV-22-001986

| | |
|---|---|
| Jean-Claude Lapuyade, Esq.<br>Eduardo Garcia, Esq.<br>Sydney Castillo-Johnson, Esq.<br>JCL Law Firm, APC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>T: 619-599-8292<br>F: 619-599-8291<br>*jlapuyade@jcl-lawfirm.com*<br>*egarcia@jcl-lawfirm.com*<br>*scastillo@jcl-lawfirm.com*<br><br>Handling Paralegal:<br>Tesla Stone<br>*tstone@jcl-lawfirm.com*<br><br>**Co-Counsel for PLAINTIFF** | Shani O. Zakay, Esq.<br>Jackland Hom, Esq.<br>Julieann Alvarado, Esq.<br>Zakay Law Group<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>T: 619-892-7095<br>F: 858-404-9203<br>*shani@zakaylaw.com*<br>*jackland@zakaylaw.com*<br>*julieann@zakaylaw.com*<br><br>Handling Paralegal:<br>Natalia Michele<br>*natalia@zakaylaw.com*<br><br>**Co-Counsel for PLAINTIFF** |
| Blake J. Burgan, Esq.<br>Kristine Gordon, Esq.<br>Taft Stettinius & Hollister, LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204<br>T: 317-713-3596<br>F: 317-713-3699<br>*bburgan@taftlaw.com*<br>*kgordon@taftlaw.com*<br><br>**Counsel for Defendants ARMADILLO HOLDINGS** | |

# EXHIBIT I

Electronically Filed
6/14/2022
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Yukari Williams, Deputy

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
Sydney Castillo-Johnson (State Bar #343881)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com
scastillo@jcl-lawfirm.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Dr., Ste 3600
San Diego, CA 92121
Telephone: (619)255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

Attorneys for Plaintiff PORSCHE BARRETT

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF STANISLAUS**

| | |
|---|---|
| PORSCHE BARRETT, an individual, on behalf of herself and on behalf of all persons similarly situated, | Case No. CV-22-001986 |
| | [Complaint Filed 05/04/2022] |
| Plaintiff, | [PROPOSED] ORDER GRANTING DISMISSAL OF DEFENDANTS TEXAS ROADHOUSE MANAGEMENT CORP., AND TEXAS ROADHOUSE INC. |
| v. | |
| ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company; TEXAS ROADHOUSE MANAGEMENT CORP., a Kentucky Corporation; TEXAS ROADHOUSE, INC., a Delaware Corporation; and DOES 1-50, Inclusive, | Judge: Hon. John D. Freeland Dept.: 23 |
| Defendants. | |

1
[PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [~~PROPOSED~~] ORDER

**IT IS SO ORDERED** that the good cause appearing and based on the supporting declaration, Defendants **TEXAS ROADHOUSE MANAGEMENT CORP.,** and **TEXAS ROADHOUSE, INC.,** named in the operative complaint, are hereby dismissed without prejudice effective on the date of this order.

**IT IS SO ORDERED:**

DATED: 6/14/2022 _____, 2022

_____

JUDGE OF THE SUPERIOR COURT

John Freeland

# EXHIBIT J

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**<br>NAME: Shani O. Zakay   STATE BAR NO: 277924<br>FIRM NAME: Zakay Law Group, APLC.<br>STREET ADDRESS: 5440 Morehouse Drive, Suite 3600<br>CITY: San Diego   STATE: CA   ZIP CODE: 92121<br>TELEPHONE NO.: 619-255-9047   FAX NO.: 858-404-9203<br>E-MAIL ADDRESS: Natalia@zakaylaw.com<br>ATTORNEY FOR (Name): Porsche Barrett | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

Plaintiff/Petitioner: Porsche Barrett
Defendant/Respondent: Armadillo Holdings, LLC dba Texas Roadhouse

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CV-22-001986 |

TO *(insert name of party being served):* ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 06/15/2022 (Via Electronic Service)

Natalia Michele                                              *Natalia Michele*
(TYPE OR PRINT NAME)                     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*
   1. Civil Case Cover Sheet;
   2. Court's ADR Packet;
   3. Court's Notice of Case Management Conference;
   4. Conformed Dec to Dismiss and Order to Dismiss.

*(To be completed by recipient):*

Date this form is signed: _____

_____                    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                 ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT K

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 277924 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Shani O. Zakay | | |

ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 277924

NAME: Shani O. Zakay
FIRM NAME: Zakay Law Group, APLC.
STREET ADDRESS: 5440 Morehouse Drive, Suite 3600
CITY: San Diego     STATE: CA     ZIP CODE: 92121
TELEPHONE NO.: 619-255-9047     FAX NO.: 858-404-9203
E-MAIL ADDRESS: Natalia@zakaylaw.com
ATTORNEY FOR (Name): Porsche Barrett

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

Plaintiff/Petitioner: Porsche Barrett

Defendant/Respondent: Armadillo Holdings, LLC dba Texas Roadhouse

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CV-22-001986 |
|---|---|

TO *(insert name of party being served):* ARMADILLO HOLDINGS, LLC dba TEXAS ROADHOUSE, a Nevada Limited Liability Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 06/15/2022 (Via Electronic Service)

| Natalia Michele | ▶ | *Natalia Michele* |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

---

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
   1. Civil Case Cover Sheet;
   2. Court's ADR Packet;
   3. Court's Notice of Case Management Conference;
   4. Conformed Dec to Dismiss and Order to Dismiss.

*(To be completed by recipient):*

Date this form is signed: July 5, 2022

| Blake J. Burgan, Counsel for Armadillo Holdings, LLC | ▶ | */s/ Blake J. Burgan,* Counsel for Armadillo Holdings, LLC |
|---|---|---|
| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED) | | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

**Page 1 of 1**

# EXHIBIT L

1

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
2
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
3
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
4
Website: www.zakaylaw.com

5

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
6
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
7
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
8
2255 Calle Clara
La Jolla, CA 92037
9
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
10
Website: www.bamlawca.com

11

Attorneys for Plaintiffs
12

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13
**IN AND FOR THE COUNTY OF MONTEREY**

14

| | |
|---|---|
| 15  GUSTAVO DOMINGUEZ and MATTHEW ) | Case No. 20CV002586 |
| 16  SCOTT, individuals, on behalf of themselves ) and on behalf of all persons similarly situated, ) | |
| 17  Plaintiffs, ) | **AMENDED [~~PROPOSED~~] FINAL** **APPROVAL ORDER AND JUDGMENT** |
| 18  vs. ) | Hearing Date: May 20, 2022 |
| 19  LIFESAFER OF NORTHERN ) | Hearing Time:  9:00am |
| 20  CALIFORNIA, a corporation; and DOES 1 ) through 50, Inclusive, ) | Judge:  Hon. Carrie M. Panetta Dept:   14 |
| 21  Defendants. ) | Date Filed: September 25, 2020 Trial Date: Not Set |
| 22 | |

23        Plaintiff's motion for an order finally approving the  Class Action Settlement Agreement

24 ("Agreement") and motion for an award of attorneys' fees, costs and service awards duly came on

25 for hearing on May 20, 2022, before the above-entitled Court.  Zakay Law Group, APC and

26 Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared on behalf of Plaintiffs Gustavo

27 Dominguez and Matthew Scott ("Plaintiffs").  Noland, Hamerly, Etienne & Hoss appeared on behalf

28 of Defendant LifeSafer of Northern California ("Defendant").

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 05/20/2022
By Deputy: Boatwright, Breean

-1-

**I.**

**FINDINGS**

Based on the oral and written argument and evidence presented in connection with the motion, the Court makes the following findings:

1.     All terms used herein shall have the same meaning as defined in the Agreement.

2.     This Court has jurisdiction over the subject matter of this litigation pending in the California Superior Court for the County of Monterey ("Court"), Case No. 20CV002586, entitled *Dominguez, et al., v. LifeSafer of Northern California et al.*, and over all Parties to this litigation, including the Class.

**Preliminary Approval of the Settlement**

3.     On November 5, 2021, the Court granted preliminary approval of a class-wide settlement. At this same time the court approved certification of a provisional settlement class for settlement purposes only.  The Court confirms this Order and finally approves the settlement and the certification of the Class.

**Notice to the Class**

4.     In compliance with the Preliminary Approval Order, Class Notice was mailed by first class mail to the Class Members at their last known addresses on December 3, 2021.  Mailing of the Class Notice to their last known addresses was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to the members of the Class.  The Court finds that the Class Notice provided fully satisfies the requirements of California Rules of Court, rule 3.769.

5.     The deadline for opting out or objecting was January 17, 2022.  There was an adequate interval between notice and deadline to permit Class Members to choose what to do and act on their decision.  No Class Members objected.  No Class Members requested exclusion.

//

//

//

**Fairness Of The Settlement**

6.     The Agreement provides for a Gross Settlement Amount of $175,000.  The Agreement is entitled to a presumption of fairness.  (*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801.)

a.     The settlement was reached through arms-length bargaining between the parties.  There is no evidence of any collusion between the parties in reaching the proposed settlement.

b.     The Parties' investigation and discovery have been sufficient to allow the Court and counsel to act intelligently.

c.     Counsel for both parties are experienced in similar employment class action litigation and have previously settled similar class claims on behalf of employees claiming compensation.  All counsel recommended approval of the Settlement.

d.     The percentage of objectors and requests for exclusion is small.  ____ objections were received.  No requests for exclusion were received.

e.     The participation rate is high.  100% of the Class Members will be participating in the Settlement and will be sent settlement payments.

7.     The consideration to be given to the Class under the terms of the Agreement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this Action and is fair, reasonable and adequate compensation for the dismissal release of the Released Class Claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the Action.

8.     The Agreement is finally approved as fair, adequate and reasonable and in the best interests of the Class Members.

**Attorneys' Fees and Litigation Expenses**

9.     The Agreement provides for an award of up to 1/3 of the Gross Settlement Amount to Class Counsel as the Class Counsel Fees Payment in this Action, subject to the Court's approval.   The Agreement also provides for an award of their actual litigation expenses incurred in an amount not to exceed $15,000 as the Class Counsel Litigation Expenses Payment. Class Counsel

requests an award of $10,411.01 as reimbursement for litigation expenses, and $58,333.33 for attorneys' fees.

10.   An award of $58,333.33 for the Class Counsel Fees Payment and $10,411.01 for the Class Counsel Litigation Expenses Payment is reasonable in light of the contingent nature of Class Counsel's fee, the hours worked by Class Counsel, and the results achieved by Class Counsel. The requested attorneys' fee award represents 1/3 of the common fund, which is reasonable and at the low end of the range for fee awards in common fund cases, and is supported by Class Counsel's lodestar.

**Class Representative Service Payments**

11.   The Agreement provides for a service award of up to $7,500 for each Plaintiff as the Class Representative Service Payment, subject to the Court's approval. The Court finds that the amounts of ~~$7,500~~ $6500.00 for Plaintiff Dominguez is reasonable in light of the risks and burdens undertaken by Plaintiff Dominguez in this class action litigation. The Court finds that the amounts of ~~$7,500~~ $6500.00 for Plaintiff Scott is reasonable in light of the risks and burdens undertaken by Plaintiff Scott in this class action litigation.

**Settlement Administration Expenses**

12.   The Agreement provides for Settlement Administration Expenses to be paid in an amount not to exceed $8,000. The Declaration of the Settlement Administrator provides that the actual claims administration expenses were $8,000. The amount of this payment is reasonable in light of the work performed by the Settlement Administrator.

## II.

### ORDERS

Based on the foregoing findings, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   The Class is certified for the purposes of settlement only. The Class is hereby defined to include:

all non-exempt employees who are or previously were employed by Defendant in California during the period of September 25, 2016 to May 17, 2021. The Class Period means the period of time from September 25, 2016 to May 17, 2021.

2.      No Class Members are excluded from the Class.  Every person in the Class who did not opt out is a Participating Class Member.

3.      The Agreement is hereby approved as fair, reasonable, adequate, and in the best interest of the Class.  The Parties are ordered to effectuate the Settlement in accordance with this Order and the terms of the Agreement.

4.      Class Counsel are awarded attorneys' fees in the amount of $58,333.33 and litigation expenses in the amount of $10,411.01.  Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiffs or members of the Class.

5.      The payments of service award to the Plaintiffs in the amounts of $7,500 each are approved.

6.      The payment of $8,000 to the Settlement Administrator for Settlement Administration Expenses is approved.

7.      The PAGA Payment of $10,000 is approved.

8.      Final Judgment is hereby entered in this action.  The Final Judgment shall bind each Participating Class Member.  The Final Judgment shall operate as a full release and discharge of Defendant and its officers, directors, employees, agents, successors and assigns ("Released Parties") from any and all Released Class Claims that occurred during the Class Period as to the Participating Class Members.  The Released Class Claims are defined as all class claims alleged in the operative complaint which occurred during the Class Period, and expressly excluding all other claims, including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and class claims outside of the Class Period.

9.      The Final Judgment shall also operate as a full release by all PAGA Employees and discharge of Defendant and its officers, directors, employees, agents, successors and assigns ("Released Parties") from any and all Released PAGA Claims that occurred during the

PAGA Period. The Released PAGA Claims are defined as claims asserted by the PAGA Employees for alleged violations of the California Labor Code and IWC Wage Order provisions alleged in the operative complaint and Plaintiffs' PAGA notice to the LWDA which occurred during the PAGA Period, and expressly excluding all other claims including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and PAGA claims outside of the PAGA Period.

10.     In addition to the release given by each Participating Class Member, Plaintiffs also generally release the Released Parties from any and all of the Plaintiffs' Released Claims as defined in the Agreement.  This general release by Plaintiffs also includes a waiver of rights under California Civil Code Section 1542.

11.     The Agreement is not an admission by Defendant or any of the other Released Parties, nor is this Final Approval Order and Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.  Neither this Final Approval Order, the Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendants or any of the Released Parties in any court, administrative agency or other tribunal for any purpose as an admission whatsoever other than to enforce the provisions of this Final Approval Order and Judgment, the Agreement, or any related agreement or release.  Notwithstanding these restrictions, any of the Parties may file in the Action or in any other proceeding this Final Approval Order and Judgment, the Agreement, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the claims being released by the Settlement.

12.     Notice of entry of this Final Approval Order and Judgment shall be given to Class Counsel on behalf of Plaintiffs and all Class Members.  It shall not be necessary to send notice of entry of this Final Approval Order and Judgment to individual Class Members and the Final Approval Order and Judgment shall be posted on Class Counsel's website as indicated in the Class Notice.

13.     After entry of Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Agreement, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

11.     If the Settlement does not become final and effective in accordance with the terms of the Settlement, resulting in the return and/or retention of the Gross Settlement Amount to Defendant consistent with the terms of the Settlement, then this Final Approval Order and Judgment, and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED AND ADJUDGED.  LET JUDGMENT BE FORTHWITH ENTERED ACCORDINGLY.**

DATED:  ____5/20_____, 2022

_____
Hon. Carrie M. Panetta
Judge, Superior Court for the State of California,
County of Monterey

# EXHIBIT M

1  **ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
2  5850 Oberlin Drive, Ste. 230A
San Diego, CA 92121
3  Telephone: (619)892-7095
Facsimile: (858) 404-9203
4  Website: www.zakaylaw.com

5  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
6  Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
7  2255 Calle Clara
La Jolla, CA 92037
8  Telephone: (858)551-1223
Facsimile: (858) 551-1232
9  Website: www.bamlawca.com

10  Attorneys for Plaintiff

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12               **IN AND FOR THE COUNTY OF MARIN**

13  EMI BRUEMMER, an individual, on behalf of       Case No: CIV1803646
    herself and on behalf of all persons similarly
14  situated,                                        **DECLARATION OF SHANI O. ZAKAY**
                                                     **IN SUPPORT OF  MOTION FOR**
15                   Plaintiffs,                     **AWARD OF ATTORNEYS' FEES,**
                                                     **COSTS AND SERVICE AWARDS**
16         v.
                                                     Hearing Date: January 13, 2021
17  TEMPUR RETAIL STORES, LLC, a Limited             Hearing Time: 1:30 p.m.
    Liability Company; and DOES 1-50, Inclusive,
18                                                   Honorable Judge James T. Chou
                     Defendants.                     Department B
19
                                                     Trial Date: Not Set
20                                                   Action Filed: October 11, 2018

21

22

23  I, SHANI O. ZAKAY, declare as follows:

24        1.      I am the managing partner of the law firm of Zakay Law Group, APC, lead counsel

25  of record for Plaintiff Emi Bruemmer ("Plaintiff") in this matter.  As such, I am fully familiar

26  with the facts, pleadings and history of the matter.  I am submitting this declaration in support of

27  Plaintiff's Motion for an award of attorneys' fees and litigation expenses in connection with

28  services rendered in the above-entitled action and the requested service award.  A true and correct

1

copy of the Class Action Settlement Agreement ("Agreement") is attached hereto as <u>Exhibit #1</u>. The following facts are within my own personal knowledge, and if called as a witness, I could and would testify competently to the matters stated herein.

2. Over the course of the litigation during the last two years a number of attorneys have worked on this matter. Their credentials are reflected in the firm resumes which are attached hereto as <u>Exhibit #2</u>. Some of the major cases our firms have undertaken are also set forth in <u>Exhibit #2</u>. The bulk of the attorneys involved in this matter have had extensive class litigation experience, much of it in the area of employment class actions, unfair business practices and other complex litigation. I have experience in cases involving labor code violations and overtime claims. Class Counsel have litigated similar labor law cases against other employers on behalf of employees. Class Counsel have been approved as experienced class counsel throughout California. It is this level of experience which enabled the firms to undertake the instant matter and to successfully combat the resources of the defendant and their capable and experienced counsel.  On account of the concerted and dedicated effort this case required in order to properly handle and prosecute, Class Counsel were precluded from taking other cases, and in fact, had to turn away other potential fee generating cases.

**<u>The Attorneys' Fees Requested Are Fair and Reasonable and Should Be Approved</u>**

3. <u>The Agreement For The Payment of Fees and Expenses Is Appropriate And Should Be Enforced.</u>

  a. Class Counsel successfully negotiated a class action settlement which provides for a common fund settlement to be paid by Defendant Tempur Retail Stores, LLC to the Class in the amount of One Hundred and Fifty Thousand Dollars ($150,000) (the "Gross Settlement Amount").  (See Agreement at ¶ III(A)).  As part of the settlement, the parties agreed to an award of attorneys' fees equal to 1/3 of the Gross Settlement Amount as their Class Counsel Fees Payment.  (Agreement at ¶ III(B)(2)).  By this motion, Class Counsel respectfully request approval of an award of the Class Counsel Fees Payment in an amount equal to 1/3 of the Gross Settlement Amount.

b. In the class action context, that means "attempting to award the fee that informed private bargaining, if it were truly possible, might have reached." Here, informed arms-length bargaining between experienced Class Counsel and Defendant resulted in Defendant bargaining Class Counsel's fee award to 1/3. Such bargaining is obviously the best measure of the market for fees. Moreover, fee awards in common fund settlements as this one have resulted in *higher* fees than the sum sought by Class Counsel herein, further reflecting the accurate market value of the award requested.

c. The requested fee award, agreed to by the parties as part of the Settlement, should be approved. The requested fee award was bargained for during arms' length adversarial bargaining by counsel for each of the parties as part of the Settlement.

4. <u>Class Counsel's Fee Award Is Properly Calculated as a Percentage of the Total Value Created for the Benefit of the Class.</u>

a. As part of the settlement, the parties agreed to an award of attorneys' fees equal to 1/3 of the Gross Settlement Amount, which equals $50,000 for attorneys' fees. As part of the Agreement, Defendant also agreed that Class Counsel will be paid reasonable litigations expenses incurred as per Class Counsel's billing statement from the Gross Settlement Amount in an amount not to exceed $15,000. Finally, Defendant also agreed that Plaintiff be awarded a service award in accordance with the Agreement.

b. In defining a reasonable fee, the Court should mimic the marketplace for cases involving a significant contingent risk such as this one. Our legal system places unique reliance on private litigants to enforce substantive provisions of employment law through class actions. Therefore, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal market place.

c.  There is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis.  The attorney being paid by the hour can go to the bank with his fee.  The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee taking into account the risk and other factors of the undertaking.  Otherwise, the contingent fee attorney receives nothing.  In this case, Class Counsel subjected themselves to this contingent fee market risk in this all or nothing contingent fee case wherein the necessity and financial burden of private enforcement makes the requested award appropriate.  The contingent fee practices of Class Counsel do not accommodate the investment of unnecessary time in a case. This case was litigated on a contingent basis with all of the concomitant risk factors inherent in such an uncertain undertaking.  Indeed, I am aware of other similar cases where the court dismissed the class allegations or denied class certification.  Under such circumstances, courts have held that a risk multiplier must be applied to the fee award.

d.  Here, the contingent nature of the fee award, both from the point of view of eventual settlement and the point of view of establishing eligibility for an award, also warrant the requested fee award. A number of difficult issues, the adverse resolution of any one of which could have doomed the successful prosecution of the action, were present here.  Attorneys' fees in this case were not only contingent but risky, with a very real chance that Class Counsel would receive nothing at all for their efforts, having devoted time and advanced costs. Class Counsel has previously invested in cases which resulted in no recovery.

e.  At the time this case was brought, the result was far from certain. Defendant's practice at issue here had been in place for years.  Defendant's numerous defenses to the merits of the case and to class certification created difficulties with proof and complex legal issues for Class Counsel to overcome.  Here, a

4

number of defenses asserted by Defendants presented serious threats to the claims of the Plaintiffs and the other Class Members.  Defendants asserted that the employment practices complied with all applicable Labor Laws.   First, Defendant argued that the Supreme Court decision in *Brinker v. Superior Court,* 53 Cal. 4th 1004 (2012), weakened, if not eliminated, Plaintiff's claims, on liability, value, and class certifiability as to the meal and rest period claims.  The vast majority of the damages alleged to have been suffered by the Class Members are attributed to missed meal and rest breaks.  Before and during the mediation, Defendant aggressively argued that Defendant's policies and culture afforded the Class Members an opportunity to take timely meal and rest breaks, and that employees like the Plaintiff *chose* not to take compliant breaks.  Defendant argued, therefore, that under the *Brinker* decision it has no liability for the missed breaks whatsoever.  Defendant argued that it adopted and strictly enforced lawful policies.  Because Plaintiff's claims were largely based on the missed breaks, and because Defendant's policies were, on their face, largely compliant, this presented a very real concern for Plaintiff and the Class Members.  If successful, this defense could eliminate or substantially reduce any recovery to the Class.   While Plaintiff believes that this defense, and others, could be overcome, Defendant maintain these defenses have merit and therefore present a serious risk to recovery for the Class.  Plaintiff's second large claim argued that Defendant failed to pay its employees the correct overtime rate by failing to include commissions in the calculation of the regular rate.   However, before and during the mediation, Defendant aggressively argued that that it did, in fact, pay Plaintiff and the Class Members the correct overtime rate by paying them a separate overtime adjustment, and that Plaintiff's only plausible claim was that the adjustment payment was made at a later time. While Plaintiff believes that this defense, and others, could be overcome, Defendant maintain these defenses have merit and therefore present

**DECLARATION OF SHANI O ZAKAY IN SUPPORT OF MOTION FOR FEES, COSTS, AND SERVICE AWARDS**

a serious risk to recovery for the Class. There was also a significant risk that, if the Action was not settled, Plaintiff would be unable to obtain class certification and thereby not recover on behalf of any employee other than themselves. Defendant argued that the individual experience of each employee varied with respect to the alleged claims. While other cases have approved class certification of wage and hour claims, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. Finally, even if class certification was successful, as demonstrated by the California Supreme Court decision in *Duran v. U.S. Bank National Assn.,* 59 Cal. 4th 1 (2014), there are significant hurdles to overcome for a class-wide recovery even where the class has been certified.

f.   The Settlement was possible only because Class Counsel was able to persuade Defendant that there was an appreciable risk that Class Counsel would prevail on the factual and legal issues underlying liability, obtain class certification through trial, and overcome difficulties in proof as to monetary relief. In successfully navigating these hurdles so as to convince Defendant to settle, Class Counsel displayed skills consistent with those that might be expected of attorneys of comparable class action experience. Here, Class Counsel was pursuing a difficult and risky claim against Defendant where previous actions had failed to establish liability, failed to obtain class certification and/or failed to obtain monetary recovery for all employees.

g.   To represent the Class on a contingent fee basis, Class Counsel had to forego compensable hourly work on other cases to devote the necessary time and resources to this contingent case. In so doing, Class Counsel gave up the hourly work that a firm can bank on for the risky contingent fee work in this case which could have paid Class Counsel nothing.

h.   Class Counsel were required to advance all costs in this litigation. Especially in this type of litigation where the corporate defendant and their attorneys are

6

well funded, this can prove to be very expensive and risky. Accordingly, because the risk of advancing costs in this type of litigation can be significant, it is therefore cost prohibitive to many attorneys. The financial burdens undertaken by Class Representatives and Class Counsel in prosecuting this action on behalf of the Class were very substantial. To date, Class Counsel collectively advanced more than $10,800.75 in costs which could not have been recovered if this case had been lost. The Plaintiff undertook the risk of liability for Defendant's costs had this case not succeeded, as well as other potential negative financial ramifications from having come forward to sue Defendants on behalf of the Class. Accordingly, the contingent nature of the fee and the financial burdens on Class Counsel and the Class Representatives also support the requested award.

i. In a common fund settlement "[t]he lodestar method is merely a cross-check on the reasonableness of a percentage figure". *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002). **In this case, the reasonableness of the requested attorneys' fee of 1/3 of the common fund equaling $50,000 is established by reference to Class Counsel's lodestar in this matter**. The contemporaneous billing records for all Class Counsel evidence that as of December 11, 2020, Class Counsel's current total lodestar is **$82,616.25**, with additional fees still to be incurred. The requested fee award is therefore close to Class Counsel's overall lodestar, representing a multiplier of 0.6, which is less than multiplier approved in *Laffitte* and lower than multipliers awarded in other cases. As a result, this Court should appropriately conclude that an award which compares favorably to Class Counsel's overall lodestar is fair and reasonable and is justified under California law.

j. Counsel retained on a contingency fee basis, whether in private matters or in representative litigation of this sort, is entitled to a premium beyond his standard, hourly, non-contingent fee schedule in order to compensate for both

the risks and the delay in payment for the simple fact that despite the most vigorous and competent of efforts, success is never guaranteed. Indeed, if counsel is not adequately compensated for the risks inherent in difficult class actions, competent attorneys will be discouraged from prosecuting similar cases.

5.     On January 28, 2015, in *4G Wireless Wage and Hour Cases* (Orange Country Superior Court, Case No. JCCP4736), the Honorable Gail A. Andler awarded a 33.33% fee request to Class Counsel in an overtime class action. On April 8, 2015 in *Mathies v. Union Bank* (San Francisco Superior Court Case No. CGC-10-498077), the Honorable Harold Kahn awarded a one-third (1/3) fee request to Class Counsel in an overtime class action. On April 7, 2016 in *Berry v. Urban Outfitters* (U.S.D.C. Central District of California Case No. 13-2628), the District Judge Jeffrey White awarded fees equal to 1/3 of the common fund in a wage and hour class settlement. On June 22, 2016, in *Dobrosky v. Arthur J. Gallagher*, (Central District Case No. 5:13 cv 00646), District Judge Jesus Bernal awarded a fee equal to 1/3 of the common fund in a wage and hour class settlement. On June 14, 2017, in *Smith v. Space Exploration* (Los Angeles Superior Court Case No. BC554258), Judge Elihu Berle awarded Class Counsel a 1/3 fee award in a wage and hour class settlement. On November 13, 2017, in *Calhoun v. Celadon Trucking* (U.S.D.C. Central District of California Case No. 16-CV-1351), District Judge Philip S. Gutierrez awarded Class Counsel a one-third fee award in a wage and hour class settlement. On March 23, 2018, in *Bailey v. Redfin*, (Los Angeles Superior Court, Case No. BC512191, the Court awarded a 1/3 fee award in a wage and hour class settlement. On July 10, 2018, in *Zirpolo v. UAG Stevens Creek II* (Santa Clara Superior Court Case No. 17CV313457, Judge Brian Walsh awarded Class Counsel a one-third fee award in a wage and hour class settlement. On July 19, 2018, in *Metrow v. Liberty Mutual*, (U.S.D.C. Central District of California Case No. EDCV 16-01133-JGB), the District Court awarded Class Counsel a one-third fee award in a wage and hour class settlement. On December 4, 2018, in *Panda Express Wage and Hour Cases* (Los Angeles Superior Court, Case No. JCCP 4919) Judge Carolyn Kuhl awarded Class Counsel a one-third fee award in a wage and hour class settlement. On February 1, 2019, in *Solarcity Wage and Hour Cases* (San

Mateo Superior Court, Case No. JCCP 4945) Judge Marie Weiner awarded Counsel a one-third fee award in a wage and hour class settlement.   On July 30, 3019, in *Erickson v. John Muir Health*, (Contra Costa Superior Court Case No. MSC18-00307) Judge Edward Weil awarded Counsel a one-third fee award in a wage and hour class settlement.   On December 18, 2019, in *Velasco v. Lemonade Restaurant Group*, (Los Angeles Superior Court Case No. BC672235) Judge William Highberger awarded Counsel a one-third fee award in a wage and hour class settlement.

6.     As of December 11, 2020, Zakay Law Group, APC incurred lodestar totaling $63,300.00 in this matter.  I have reviewed my firm's lodestar in this matter and believe the charges are reasonable and were reasonably necessary to the conduct of the case.    From approximately October 1, 2018 through December 11, 2020, my firm has worked more than 126.7 hours prosecuting these claims with the attorneys' hourly fee rates for attorneys at $500, resulting in current lodestar equaling $63,300.00. A detailed breakdown of the total fees and the services performed by the firm on this case is attached hereto as Exhibit #3.   In addition, the law firm of Blumenthal Nordrehaug Bhowmik De Blouw, LLP, who was co-counsel on this case, incurred lodestar of $19,316.25 for over 41.15 hours of work.  (See Declaration of Nicholas De Blouw at ¶6.)   Combining all of this lodestar results in a **total current lodestar for Class Counsel in the amount of $82,616.25 for more than 167.85 hours of work**.  In addition, Class Counsel will be performing additional work, including finalizing the motion for final approval, attending the hearing on final approval, finalizing the orders and judgment and monitoring completion of the settlement process. I expect this additional work will result in at least $15,000 to $25,000 in additional loadstar, bringing the multiplier even lower.  The rates charged by my firm are in line with the prevailing rates of attorneys in the local legal community for similar work and, if this were a commercial matter, these are the charges that would be made and presented to the client. These hourly rates have been approved by Court's throughout California, including the Courts in the Superior Court of California.  Finally, the reasonableness of Class Counsel's hourly rates is further confirmed by comparing such rates with the rates of comparable counsel practicing complex and class litigation as detailed in the National Law Journal Billing Survey. See e.g. *Zest*

*IP Holdings, LLC v. Implant Direct MFG., LLC*, 2014 U.S. Dist. LEXIS 167563 (S.D. Cal. 2014) (finding that "Mayer Brown's $775 average billing rate for partners" and "Mayer Brown's $543 average associate billing rate" are reasonable rates when compared within 21 other firms practicing in the Southern District of California.)   This survey is useful to show that Class Counsel's rates are in line with the comparable rates of the defense counsel that opposes these types of class claims, such as Mayer Brown.   In another example, Sheppard Mullin Richter & Hampton, who is opposing counsel in many cases prosecuted by Class Counsel charges rates as high as $875 for partners and $535 for associates.   Similarly, Paul Hastings, another opposing counsel in these types of cases, charges between $900 and $750 for partners and $755 and $335 for associates.   Thus, the rates charged by Class Counsel for comparable work are less than these examples, and are therefore undoubtedly reasonable.   **Therefore, the requested fee award as a percentage of the fund is supported by the overall lodestar incurred with reasonable multiplier of 0.6, which is less than the multiplier approved in *Laffitte* and lower than the multiplier approved in other cases**.   The requested award is therefore reasonable viewed by the Lodestar/Multiplier cross-check.

**Costs**

7.   As part of the Agreement at paragraph III(B)(2), the parties agreed that Class Counsel may seek an amount of up to $15,000 for all expenses incurred as documented in Class Counsel's billing records as their Class Counsel Litigation Expenses Payment.   Class Counsel request reimbursement for incurred litigation expenses and costs in the amount of $10,800.75 based upon Class Counsel's billing records, which evidence that counsel incurred total litigation expenses in the total amount of $10,800.75.   These litigation expenses include the expenses incurred for filing fees, mediation fees, expert fees, delivery charges, travel expenses, legal research charges, postage, attorney service charges, and litigation support vendors, all of which are costs normally billed to and paid by the client.   The costs in the amount of $10,800.75 were reasonably incurred by Class Counsel in the prosecution of this matter and are set forth in detail in the contemporaneous billing records attached hereto as Exhibits #3.

**Service Awards**

8.      I respectfully request that for their service as the class representative, the Plaintiff should be awarded the agreed Class Representative Service Payment of $5,000 in accordance with the Agreement for his time, sacrifice, risk and effort as the class representative on behalf of the Class.  (Agreement at ¶ III(B)(1)).  Defendant agreed to this payment to the Class Representative and there have been no objections to the requested Class Representative Service Payment.  The Declaration of Plaintiff Emi Bruemmer is also submitted herewith in support of this request. As the representative of the Class, the Plaintiff performed her duty to the Class admirably and without exception.  The Plaintiff worked extensively with Class Counsel over the course of the litigation, responding to numerous requests, searching for documents, speaking with Class Counsel on the phone on a regular basis, working with Class Counsel, and reviewing the settlement documentation.  As set forth in the Agreement, the Plaintiff is also providing a comprehensive release as part of the Settlement, far beyond the class release.  The Declaration of Plaintiff details his involvement, sacrifice, stress and risks he undertook as a result of this lawsuit. Plaintiff also assumed the serious risk that they might possibly be liable for costs and fees to Defendant, as well as the reputational risk of being "blacklisted" by other future employers for having filed a class action on behalf of fellow former employees.   Without the Plaintiff's participation, cooperation and information, no other fellow employees would be receiving any benefit.  The payment of service awards to successful class representatives is appropriate and the amount of $5,000 is well within the currently awarded range for similar settlements.   The requested award is also reasonable by reference to the amounts that other California courts have found to be reasonable in wage and hour class action settlements:  *Zamora v. Balboa Life & Casualty, LLC*, Case No. BC360036, Los Angeles County Superior Court (Mar. 7, 2013)(awarding $25,000 service award); *Lazar v. Kaiser Foundation Health Plan*, Case No. 14-cv-273289, Santa Clara County Superior Court (Dec. 28, 2015) (awarding $10,000 service award); *Acheson v. Express, LLC*, Case No. 109CV135335, Santa Clara County Superior Court (Sept. 13, 2011)(awarding $10,000 service award); *Aguiar v. Cingular Wireless, LLC*, Case No. CV 06-8197 DDP (AJWx)(C.D. Cal. Mar. 17, 2011)(awarding $14,767 service award); *Bejarano*

1   *v. Amerisave Mortgage Corp.*, Case No. EDCV 08-00599 SGL (Opx)(C.D. Cal. June 22,

2   2010)(awarding $10,000 service award); *Carbajal v. Sally Beauty Supply LLC*, Case No. CIVVS

3   1004307, San Bernardino County Superior Court (Aug. 6, 2012)(awarding $10,000 service

4   award); *Contreras v. Serco Inc.*, Case No. 10-cv-04526-CAS-JEMx (C.D. Cal. Sep. 10,

5   2012)(awarding $10,000 service award); *Guerro v. R.R. Donnelley & Sons Co.*, Case No. RIC

6   10005196, Riverside County Superior Court (July 16, 2013)(awarding $10,000 service award);

7   *Kisliuk v. ADT Security Services Inc.*, Case No. CV08-03241 DSF (RZx)(C.D. Cal. Jan. 10,

8   2011)(awarding $10,000 service award); *Morales v. BCBG Maxazria Int'l Holdings, Inc.*, Case

9   No. JCCP 4582, Orange County Superior Court (Jan. 24, 2013)(awarding $10,000 service award);

10  *Barrett v. Doyon Security Services, LLC*, Case No. BS900199, BS900517, San Bernardino County

11  Superior Court (Apr. 23, 2010)(awarding $10,000 service award); *Zirpolo v. UAG Stevens Creek*

12  *II,* Santa Clara Superior Court Case no. 17CV313457 (July 10, 2018) (awarding $10,000 service

13  award); *Taylor v. TIC - The Inductrial Complany*, U.S.D.C. Central District of California Case

14  No. EDCV 16-186-VAP (Aug. 1, 2018) (awarding $10,000 service award).

15          9.      The requested service award is also reasonable in light of the reputational risk that

16  the Class Representative assumed in bringing this action against her former employer.  The Class

17  Representative put her future employment prospects at risk by becoming a class representative as

18  the fact that they filed a lawsuit "is searchable on the internet and may become known to

19  prospective employers when evaluating" her for employment.  *Guippone v. BH S&B Holdings,*

20  *LLC*, 2011 U.S., Dist. LEXIS 126026, *20 (S.D.N.Y. Oct. 28, 2011).  Employers routinely screen

21  employee candidates to determine whether they have ever filed a suit against other employers,

22  allowing them to screen out the litigious candidates.   An entire industry exists that allows

23  employers to run extensive background searches on potential employees.   Companies who

24  provide these services specifically highlight the fact that their services allows employers to weed

25  out litigious employment candidates.  Reliable Plant outlines ways that employers can "get a sense

26

27

28

**DECLARATION OF SHANI O ZAKAY IN SUPPORT OF MOTION FOR FEES, COSTS, AND SERVICE AWARDS**

of whether a prospective employee is likely to sue" the employer, through background checks and other means, to screen out these employees.[1]

10.   As a result, Class Counsel respectfully requests approval of the application for award of attorneys' fees to Class Counsel in the amount of $50,000 (equal to 1/3 of the common fund), an award of litigation expenses in the amount of $10,800.75, and approval of the requested service payments to Plaintiff.

11.   In accordance with California Rules of Court, rule 3.769, I make the following disclosure.   The attorneys' fees awarded shall be allocated 25% to Blumenthal Nordrehaug Bhowmik De Blouw LLP, and 75% to Zakay Law Group, APC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 11th day of December 2020, at San Diego, California.

By: _____
      Shani O. Zakay

---

[1]   www.reliableplant.com/Read/6959/a-solution-to-fear-of-hiring-litigious-employees.   Onicra Credit Rating Agency of India states:  "Background screening has become a necessity in today's litigious society."   Back Track Screening also represents:  "In today's litigious culture, employers simply cannot afford to hire employees who will put their company at risk." http://www.btscreening.com/wp-content/uploads/2012/09/Screening-101.pdf.   PreciseHire also offers employment screening and similarly warns:  "with today's business climate being extremely competitive and highly litigious, conducting pre employment background checks has become a necessity."
https://precisehireblog.wordpress.com/2013/11/21/pre-employment-background-checks-have-bec ome-a-busines-necissity/.

13

# EXHIBIT N

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC CHAVEZ,

     Plaintiff,

   v.

ADIDAS AMERICA, INC.,

     Defendant.

Case No.:  5:16-cv-06533-LHK

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT; FINAL JUDGMENT THEREON**

On April 19, 2018, a hearing was held on the motion of Plaintiff Eric Chavez ("Plaintiff"), on behalf of himself and Class Members, for final approval of the Class Action Settlement Agreement ("Settlement Agreement") entered into between Plaintiff and Defendants adidas America, Inc. ("Defendants") (Defendants and Plaintiff collectively referred to as the "Parties"), due and adequate notice has been given to the Class Members as required by this Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 56) and Setting a Final Fairness Hearing Date for April 19, 2018 at 1:30 p.m. ("Preliminary Approval Order") (Doc. No. 63) dated December 21, 2017. Having considered the papers on Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval of Settlement") and Plaintiff's Motion for Approval of Attorneys' Fees and Costs; and Memorandum of Points and Authorities in Support ("Motion for Attorneys' Fees and Costs"), the Settlement, and the record and proceedings herein, and having determined that the Settlement is fair, adequate, and reasonable, and otherwise being fully

1

informed, the Court finds, concludes, and hereby orders and adjudges as follows:

1.    Plaintiff's Motion for Final Approval of Settlement, and Plaintiff's Motion for Attorneys' Fees and Costs is hereby granted.

2.    All terms used herein shall have the same meaning as given them in the Settlement.

3.    The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all members of the Settlement Class.

4.    The Court hereby certifies the following Classes, for purposes of this Settlement only:

    a.    Unpaid Wages Class: All of Defendant's current and former nonexempt employees who worked for Defendant at any retail store location in the state of California, at any time from October 11, 2012, through September 15, 2017.

    b.    Pay Card Class: All of Defendant's former employees who worked for Defendant at any retail store location in the state of California, and whose employment ended at any time during the portion of Settlement Class Period from October 11, 2013 to September 15, 2017, and who had not affirmatively requested to receive wages in the form of a pay card.

5.    Distribution of the Class Settlement Notice directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Class Settlement Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement. The Class Settlement Notice provided adequate and appropriate notice to all persons entitled to such Class Settlement Notice and therefore fully satisfied due process requirements. All members of the Class are covered by and included within the Settlement and within this Final Approval Order and Final Judgment, as no class members have opted-out within the opt-out deadline of March 5, 2018 (for the 3,988 class members) and April 13, 2018 (for the 35 additional class members).

6.    The Court hereby finds that the Settlement was entered into in good faith and has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. The Court further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of the

2

Settlement under Rule 23 of the Federal Rules of Civil Procedure and California law.

7. The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms and provisions, and in compliance with this Final Approval Order and Final Judgment.

8. Upon satisfaction of all payments and obligations in the Settlement, and except as to such rights or claims as may be created by the Settlement Agreement, Plaintiff and all Class Members who did not timely submit requests for exclusion by the opt-out deadlines, release and discharge the Released Parties as follows:

a. **Unpaid Wages Class Release:**

Plaintiff and members of the Unpaid Wages Class release any claims, damages, or causes of action arising out of the facts and allegations set forth in the Action, that arose during the Settlement Class Period, from October 11, 2012 to September 15, 2017, including those set forth in the Plaintiff's Complaint and First Amended Complaint, for any and all claims for any alleged failure to properly pay all wages due for time worked, including proper payment of minimum wages and overtime wages due to time spent undergoing security checks; any alleged failure to provide or compensate for missed, short or late meal periods; any alleged failure to provide or compensate for missed, short or late rest breaks; any alleged failure to provide accurate wage statements; any alleged failure to make wage payments in a timely manner; any alleged failure to pay the foregoing amounts due in a timely manner after termination; any alleged failure to act in accordance with Business and Professions Code sections 17200, *et seq.*, including those claims related to the underlying claims in this Action under California Labor Code sections 201, 202, 203, 212, 213, 226(a), 226.7, 510, 512, 558, 1194, 1197, 1197.1, and all applicable wage orders and any applicable penalties arising from the foregoing; as well as any claim brought pursuant to California Labor Code section 2698, *et seq.*

b. **Pay Card Class Release:**

Plaintiff and members of the Pay Card Class release any claims, damages, or causes of action arising out of the facts and allegations set forth in the Action, that arose during the portion of the Settlement Class Period, from October 11, 2013 to September 15, 2017, including those set forth in the Plaintiff's Complaint and First Amended Complaint, for any alleged failure to pay all amounts due in a timely manner after termination due to the use of pay cards as a form of payment; any alleged failure to act in accordance with Business and Professions Code sections 17200, *et seq.*, including those claims related to the underlying claims in this Action under California Labor Code sections 203, 212 and 213, and all applicable wage orders and any applicable penalties arising from the foregoing; as well as any claim brought pursuant to California Labor Code section 2698, *et seq.*

c. **Release Applicable To Members of Both Unpaid Wages and Pay Card Class:**

3

Members of both subclasses shall be entitled to recover the cumulative amount based upon their membership in each subclass, and shall be bound by the releases applicable to both sub-classes.

9.     "Released Parties" means Defendant adidas America, Inc., including its past, present and future parents, owners, subsidiaries, affiliates, successors-in-interest, assigns, auditors, accountants, experts, contractors, partners, insurers, reinsurers, and other parties acting on their behalf, officers, directors, shareholders, employees, agents, attorneys, and representatives.

10.    The Court hereby confirms as Class Counsel, Larry W. Lee of Diversity Law Group, P.C, William L. Marder, Polaris Law Group LLP, and Dennis S. Hyun of Hyun Legal, APC.

11.    The Court hereby finds the monetary settlement of $1.5 million, provided for in the Settlement Agreement to be fair, reasonable, and adequate.

12.    The Court orders Rust Consulting ("Rust") to distribute the Gross Settlement Amount including Individual Settlement Payments to the Settlement Class in accordance with the terms of the Settlement Agreement.

13.    The Court approves the payment of employer-side payroll taxes on the wage component of the individual settlement payments and directs Defendant to pay these taxes to the appropriate taxing authorities, in addition to the $1.5 million Gross Settlement Amount, as provided for in the Settlement.

14.    The Court further approves the payment of $27,000 to Rust for the claims administration costs. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

15.    "[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *see also Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1000 (N.D. Cal. 2017) ("Although the California courts have not adopted a 25 percent as a "benchmark" figure, as the Ninth Circuit has, 25 percent is within the range of what courts will award as a percentage of the common fund in California."). Special circumstances warranting upward adjustment are not present here. Plaintiff has filed numerous identical cases, including before multiple judges in this district. Class Counsel in the instant case performed the following work: (1) interviewed employees and reviewed their documents;

Case No. 16-CV-06533-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND COSTS; FINAL JUDGMENT THEREON

(2) served written discovery; (3) deposed Defendants' Rule 30(b)(6) witness; (4) defended Plaintiff's deposition; (5) analyzed time records; (6) attended a one day mediation on June 14, 2017; and (5) engaged in subsequent negotiations until the parties accepted the mediator's proposal on July 3, 2017. ECF No. 65 at 4. The lodestar of $311,180 for 465.6 hours seems high given the amount of work performed. Moreover, Class Counsel billed all of their time at the rate of $650 to $700 per hour. Nevertheless, the Court will award a 25% benchmark of $375,000, which is $63,820 beyond the lodestar and represents a multiplier of 1.21. Based on Ninth Circuit case law, this multiplier is reasonable. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n. 6 (9th Cir. 2002) (noting multipliers in common fund cases commonly range from 1 to 4); *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."). The Court finds that an attorney's fees award of $375,000 is fair and reasonable, and is justified by the results achieved. In addition, the Court approves Class Counsel's request for costs and expenses in the amount of $18,935.49.

16.    Under the terms of the Settlement and the authorities, evidence, and argument set forth in Class Counsel's application, Plaintiff is entitled to a representative enhancement award of $10,000.

17.    Upon satisfaction of all payments and obligations in the Settlement Agreement, this Action is hereby dismissed with prejudice. The Court shall have and retain continuing jurisdiction over the Action and over all Parties and Settlement Class to the fullest extent necessary or convenient solely to address, enforce, and effectuate the terms of the Settlement and this Final Approval Order and Final Judgment as follows: (i) the interpretation and enforcement of the terms of the Settlement and the Final Approval Order and Final Judgment; (ii) Settlement administration matters; and (iii) such post-Final Judgment matters as may be appropriate under court rules or set forth in the Settlement and/or this Final Approval Order and Final Judgment.  If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and Final Judgment and all orders entered in connection herewith, shall be vacated and shall have no further force or effect. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 19, 2018

_Lucy H. Koh_
HON. LUCY H. KOH
U.S. DISTRICT COURT JUDGE